ELIZABETH ROONEY et al., Respondents-Appellants, v. CITY OF LONG BEACH et al., Appellants, and HENRY LECLAIR et al., Respondents.

Second Department, June 18, 1973.

*David J. Weinblatt, Corporation Counsel (Azreal A. Alpern* of counsel), for City of Long Beach, appellant.

*Reid & Alio (John F. Mulholland* and *Michael J. Roe* of counsel), for Bertha Rosenfeld, appellant.

*Lawrence R. Wild (Bernard Meyerson* of counsel), for respondents-appellants.

*Wynne, Sparacio, Capriano & Trentalange (Kurt Dinkel-meyer* of counsel), for Henry LeClair and others, respondents.

GULOTTA, J. The female plaintiff was injured on July 6, 1967 when she fell on a sidewalk in the City of Long Beach, New York. She sued to recover damages for the personal injuries sustained by her in the fall and her husband sued to recover for loss of consortium and medical expenses. There is no question that the cause of the fall was a curb stop (another name for a water shut-off valve) which protruded about 2½ inches above the level of the sidewalk. The defendants are (1) the City of Long Beach, (2) Bertha Rosenfeld, the owner of property at 41 Alabama

Street, which abuts the sidewalk where the valve protrudes and (3) Henry LeClair, Edward Domitz and Genevieve Domitz, the owners of property at 39 Alabama Street, which is serviced by the valve although it does not abut the particular slab of sidewalk where the valve is situated.

At the close of the entire case at the trial on the issue of liability only, the trial court dismissed the complaint against defendants LeClair and the Domitzes upon the ground that the special use theory of liability for accidents on defective sidewalks applies only to landowners whose property abuts the particular part of the sidewalk where the defect exists. The jury returned a verdict in favor of the plaintiffs and against both remaining defendants, the City of Long Beach and the abutting property owner Rosenfeld.

Defendants Rosenfeld and City of Long Beach have appealed from the interlocutory judgment of liability against them and the plaintiffs have cross-appealed from the dismissal of the complaint against defendants LeClair and the two Domitzes. We note at this juncture that the judgment appealed from does not contain a decretal provision dismissing the complaint against the three latter defendants. This appears to have been a mere oversight, since the dismissal is contained in the trial record and is noted in the recital portion of the judgment. Accordingly, we deem the judgment amended to include a provision reciting the dismissal.

In our opinion the dismissal of the plaintiffs' complaint against defendants LeClair and the Domitzes was error. An owner is liable where he fails to maintain in a reasonably safe condition a sidewalk which is constructed in a special manner in order that his property may derive a special benefit (*Nickelsburg* v. *City of New York*, 263 App. Div. 625, 626). Although the cases concerning the special use of sidewalks usually involve an abutting owner, it is not essential to liability that an owner's property abut the place in question. It is sufficient if the property derives a special benefit and is proximate to the situs of the specially constructed sidewalk. The testimony at the trial established that the valve in question is located only some 12 to 15 inches from the property line of defendants LeClair and the Domitzes. Since the valve benefited this property, defendants LeClair and the Domitzes were obligated to keep it in a reasonably safe condition. They had owned the premises since February, 1967 and the condition had existed at least since 1954, when Rosenfeld bought her house. In our opinion, the case against defendants LeClair and the Domitzes should have gone

to the jury on the question of whether the valve was negligently maintained and, if so, whether they had notice of the defective condition.

We turn now to the liability of the City of Long Beach. The city contends that the trial court erred in denying its trial motion to interpose as a defense the plaintiffs' failure to comply with section 256-a of the Charter of the City of Long Beach, which states that no civil action may be maintained against it for a defective sidewalk unless the city receive written notice of any such defective condition at least 48 hours prior to the occurrence in question. In our opinion, the denial of this motion was not an abuse of discretion, since the almost three-year delay in seeking to interpose this defense, from the time the city served its answer, to the time of trial, certainly constituted gross and inexcusable laches.

It is our further opinion that prior notice under the charter provision was not required, for an entirely different reason. The evidence adduced at the trial was sufficient to establish that the valve was installed either by the city itself or by a private contractor at the city's behest and under its supervision. One pipe was brought in from the street main to a " T " in the sidewalk to service both houses with a separate curb stop for each house. The foreman of the city's water distribution system testified that the *installation* of the valve was improper, defective and in violation of the rules. The city controlled the water lines from the main to the valve and the homeowners controlled the lines from the valves to their houses.

This evidence is sufficient to support a finding of liability upon the part of the city and to eliminate the prior notice requirement, because it enabled the jury to find (1) that the valve constituted a special use for the benefit of the city (see *Smith* v. *City of Corning,* 14 A D 2d 27) and (2) that the defective condition which caused the accident had been created by the improper installation of the valve by the city (*Calkins* v. *City of Plattsburgh,* 11 A D 2d 153; *Levin* v. *Fred Gary, Inc.,* 32 Misc 2d 94). Accordingly, the judgment insofar as it is against the city should be affirmed.

We now consider the liability of defendant Rosenfeld. Since her property was not benefited by the special use and her own valve was installed flush with the sidewalk, the source of her liability must be found elsewhere or the judgment against her must fall. At common law it was a general rule that only the municipality might be held liable for the negligent failure to remove snow, ice and obstructions from a public sidewalk or to have

defects and dangerous conditions in the sidewalk repaired, since the municipality is in control of the sidewalk and not the abutting owner (*City of Rochester* v. *Campbell,* 123 N. Y. 405; *Tremblay* v. *Harmony Mills,* 171 N. Y. 598; *Roark* v. *Hunting,* 24 N Y 2d 470).

In *Willis* v. *Parker* (225 N. Y. 159) it was held that where this liability had been transferred to the abutting property owner by the terms of a city charter granted by the State Legislature itself, it was effective to change the rule of the *Rochester* case. The Legislature also enacted subdivision 1 of section 11 of the former City Home Rule Law, which authorized a city to adopt local laws relating to the "acquisition, care, management and use of its streets and property". The City of Long Beach adopted a local law which imposed tort liability on abutting property owners for personal injuries sustained due to defective sidewalks (Local Laws, 1931, No. 1 of City of Long Beach, as renumbered to be section 256 of the Charter of the City of Long Beach by Local Laws, 1957, Nos. 1 and 4 of City of Long Beach). It is under this provision of the city charter that the question of defendant Rosenfeld's liability was submitted to the jury.

In 1957 this court found that the provision in question was a valid exercise of the power delegated to the city by the Legislature under section 11 of the former City Home Rule Law, pointing out that there was no State public policy prohibiting such transfers of liability (*Karom* v. *Altarac,* 3 A D 2d 925).

However, in 1960 the Legislature withdrew the power conferred in the enabling legislation by adopting an amendment to subdivision 1 of section 11 of the City Home Rule Law (L. 1960, ch. 1080, eff. April 30, 1960), which states in part: "provided, however, that no city shall have the power to adopt local laws transferring to abutting property owners its liability for failure to maintain its sidewalks and gutters in a reasonably safe condition."

A substantially similar provision has been continued in the Municipal Home Rule Law (§ 11, subd. 1, par. j), which superseded the City Home Rule Law in 1964, so it is fair to say that at least since 1960 we have had such a public policy. Section 11 of the Municipal Home Rule Law is couched only in terms of conflict with statutory law, but the fact that the Legislature may have thought in 1964 that the source of this doctrine was statutory does not militate against our giving it an interpretation which saves it from being meaningless.

In our opinion, the effect of chapter 1080 of the Laws of 1960 was to invalidate section 256 of the Charter of the City of Long Beach under which defendant Rosenfeld's liability is predicated and to announce a new public policy of this State which is diametrically opposed to such transfers of liability.

It is a fundamental principle that municipal ordinances are inferior in status and subordinate to the laws of the State. An ordinance in conflict with a State law of general character and State-wide application is universally held to be invalid (56 Am. Jur. 2d, Municipal Corporations etc., § 374, p. 406). The foregoing rule is embodied in the New York State Constitution (art. IX, § 2, subd. [c], cl. [i]), which declares that " (i) every local government shall have power to adopt and amend local laws *not inconsistent* with   *   *   *   *any general law* relating to its property, affairs or government " (emphasis supplied; see, also, *Wholesale Laundry Bd. of Trade* v. *City of New York,* 43 Misc 2d 816, affd. 22 A D 2d 762, affd. 15 N Y 2d 604; cf. McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 398, relating to statutes in irreconcilable conflict).

The repugnancy between section 256 of the Charter of the City of Long Beach and section 11 of the Municipal Home Rule Law is obvious. In addition, the general presumption against retroactive application of statutes is inapplicable here because that doctrine is designed only to prevent impairment of vested rights (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 51). The powers which have been given to cities by the Legislature, by special or by general laws, are in no sense contractual and do not become vested rights as against the Legislature (*Prince* v. *Crocker,* 166 Mass. 347).

The Long Beach City Council, therefore, had no vested rights in section 256 of the City Charter which would work to prevent the Legislature from revoking that enactment by subsequent legislation.

Since the section of the Long Beach City Charter upon which defendant Rosenfeld's liability was predicated is invalid and in violation of the public policy of this State, and since her own use of the sidewalk did not create the condition which caused the accident, the judgment insofar as it is against her must be reversed and the complaint as to her dismissed as a matter of law. The judgment as against the City of Long Beach should be affirmed; and the judgment as to defendants LeClair and the Domitzes, deemed herein amended as to them, should be reversed on the law, and a new trial granted against these defendants.

LATHAM, Acting P. J., SHAPIRO, CHRIST and BRENNAN, JJ., concur.

Interlocutory judgment modified, on the law, (1) by striking therefrom the second decretal paragraph and substituting therefor a provision that plaintiffs' complaint against defendant Rosenfeld is dismissed with prejudice and (2) by adding thereto a provision granting a new trial against defendants Henry LeClair, Edward Domitz and Genevieve Domitz. As so modified, interlocutory judgment affirmed, with costs to defendant Rosenfeld against plaintiffs, to plaintiffs against defendant City of Long Beach and, as between plaintiffs and defendants Henry LeClair, Edward Domitz and Genevieve Domitz, to abide the event of the new trial. Plaintiffs' appeal as against the latter three defendants presented no questions of fact.

Apparently because of inadvertence, the interlocutory judgment contains no decretal provision in favor of the latter three defendants. We have deemed the interlocutory judgment amended so as to include such a provision, but this modification results in deletion thereof.