PATTISON-BOLSON RUG SERVICE, INC., Appellant-Respondent, v. W. & J. SLOANE, Its Successor in Interest W & J SLOANE, INC., Respondent-Appellant, and SERVICEMASTER OF GREATER NEW YORK, INC., Respondent.— In an action to recover damages against defendant W. & J. Sloane, Inc., for breach of contract and against defendant Servicemaster of Greater New York for inducing the breach, (1) plaintiff appeals, as limited by its brief, (a) from so much of a judgment of the Supreme Court, Queens County, entered March 12, 1973, as limited its recovery against defendant Sloane to nominal damages only and omitted to award it a recovery against defendant Servicemaster (plaintiff's notice of appeal from the judgment states that review will be sought of undescribed "proceedings", including "prior preclusion orders, and rulings and decisions as to evidence and as to damages") and (b) from so much of an order of the same court, dated March 2, 1971, as granted a motion by defendant Sloane for renewal of a prior motion and thereupon precluded plaintiff from adducing any evidence at the trial relating to its damages unless plaintiff complies with certain conditions; and (2) defendant W. & J. Sloane, Inc., cross-appeals (a) from so much of said judgment as dismissed its first, second and third counterclaims and adjudged it liable to plaintiff and (b) from the trial court's dismissal of its fourth, fifth and sixth affirmative defenses, denial of discretionary costs to said defendant "and all rulings, decisions and charges adverse to Sloane" at the trial. Judgment modified, on the law, by adding thereto a decretal paragraph dismissing plaintiff's complaint against defendant Servicemaster, and, as so modified, judgment affirmed insofar as appealed from by plaintiff, without costs. Defendant Sloane's cross appeal is deemed withdrawn, without costs. All other appeals dismissed, without costs. Apparently because of inadvertence, the judgment contains no decretal provision dismissing plaintiff's complaint against defendant Servicemaster for failure of proof. This appears to have been a mere oversight, since the dismissal is contained in the trial record. Accordingly, we have deemed the judgment amended so as to include such a provision (cf. *Rooney* v. *City of Long Beach,* 42 A D 2d 34) and this decision results in an affirmance thereof. Plaintiff failed to prove that defendant Servicemaster willfully induced a breach of its rug cleaning, repair and storage contract with defendant Sloane, because it failed to show that Servicemaster had knowledge that the contract was anything but terminable at will (see Restatement, Torts, § 768; Prosser, Torts [4th ed.], § 129, p. 946; *Coleman & Morris* v. *Pisciotta,* 279 App. Div. 656). Even assuming that Servicemaster had actual knowledge that the contract was terminable upon one year's notice, plaintiff failed to prove that Servicemaster intentionally induced Sloane to withdraw its rug business from plaintiff and give it to Servicemaster before the expiration of the one-year period. Despite the existence of several pretrial orders whose apparent cumulative effect was to preclude plaintiff from proving damages, the Trial Justice permitted plaintiff to adduce what proof it wished on this issue. Before the case went to the jury, however, the court ruled that plaintiff's evidence was insufficient as a matter of law to prove its damages and that in any case it was precluded from doing so. Accordingly, plaintiff was limited to a recovery of nominal damages only. We agree that plaintiff's proof was insufficient on the issue of damages; we have therefore not considered the preclusion orders and so much of the appeal as seeks to review them is dismissed. On oral

argument of this appeal, counsel for defendant Sloane expressly stipulated that, if the judgment of nominal damages were affirmed, Sloane did not wish us to inquire into the merits of its cross appeal. Accordingly, the cross appeal is deemed withdrawn pursuant to this stipulation. Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.