Per Curiam.

The jury having found in favor of plaintiffs on sufficient evidence, we find no basis for disturbing its determination. The court is unanimous in its finding that Consolidated Edison was properly cast in damages to plaintiffs.
A majority of the court also is persuaded that the trial court *948 properly dismissed the third-party complaint. At the time of the accident plaintiffs were engaged in knocking out with a crowbar small square openings in a concrete vault that Peck-ham Road Corporation, the third-party defendant, was installing for Consolidated Edison, so as to permit the introduction of ducts for electric cables into the vault. Peckham’s superintendent worked on orders of Consolidated Edison’s inspector, who was there at all times to direct the work and who daily used a Davis meter to check for gas. Consolidated Edison reserved absolute control of its gas service lines in the area and, some five days before the accident, the service line to the adjacent building had been cut off and plugged by Consolidated Edison for the intended purpose of preventing gas to escape. Peckham was thereupon directed to backfill the hole over the service line but not to pave it. On the day of the accident, Consolidated Edison’s inspector was advised by Peck-ham’s superintendent that the latter smelled gas over the filled-in hole above the service line. He was assured that everything was checked out. Yet, when plaintiffs started to bang out the knockouts in the vault there was a sudden explosion and fire, and a gas leak was thereafter found, in the earth adjacent to the vault, coming from a joint on the gas main, caused by defective caulking.
The claim of the third-party plaintiff is based upon the indemnification clause in the contract quoted in the dissent. It will be observed that liability is assumed only for injuries "occasioned wholly or in part by any act or omission of the Contractor”. Plaintiffs testified that they smelled no gas in the vault itself before the accident, and the record is devoid of any showing that Peckham had either actual or constructive notice that the vault was unsafe when plaintiffs went to work there (see Forbes v Alvord & Swift, 44 AD2d 538; Zaulich v Tompkins Sq. Co., 10 AD2d 492, 496). Thus, the record is without proof that any negligence by Peckham helped cause the accident.
While the fact that plaintiffs are employees of the third-party defendant would, in a proper case, not preclude recovery against it by the third-party plaintiff (Westchester Light. Co. v Westchester County Small Estates Corp., 278 NY 175), the clause under review does not authorize recovery over absent negligence on the part of the third-party defendant (Margolin v New York Life Ins. Co., 32 NY2d 149, 152-153; Levine v Shell Oil Co., 28 NY2d 205, 211).
*949 Although the interlocutory judgment appealed from does not contain a decretal provision dismissing the third-party complaint, the record contains an order to that effect, the dismissal is noted in the recital portion of the judgment and the parties have briefed the issues raised by the dismissal. We have deemed the judgment amended to include a provision reciting the dismissal (Rooney v City of Long Beach, 42 AD2d 34; Pattison-Bolson Rug Serv. v Sloane, 45 AD2d 862).
Interlocutory judgment modified by adding thereto a decretal provision dismissing the third-party complaint and, as modified, affirmed, with $25 costs to each respondent filing a brief.