■ DORIS G. SCHULMAN, as Executrix of N. JEROME SCHULMAN, Deceased, Respondent, v SELIG B. NEUBARDT et al., Appellants.—In an action, *inter alia,* for specific performance of a partnership agreement, defendants appeal from a judgment of the Supreme Court, Westchester County, dated November 10, 1978, which, after a nonjury trial, *inter alia,* granted plaintiff judgment for certain sums as specific performance of the agreement. Judgment modified, on the law and the facts, by deleting the second and third decretal paragraphs thereof and substituting therefor provisions (1) granting judgment to plaintiff to the extent of directing defendants to render an accounting of the partnership affairs and (2) otherwise dismissing the complaint. As so modified, judgment affirmed, with costs to plaintiff. The evidence adduced at trial was sufficient to establish an oral partnership agreement. Although the evidence did not prove a memorandum sufficient to satisfy the Statute of Frauds, part performance by the plaintiff's decedent served to remove the agreement from that statute. Therefore, plaintiff is entitled to an accounting, but may not enforce the terms of the unsigned draft agreement. Damiani, J. P., Gulotta, Margett and Gibbons, JJ., concur.

■ MADELYN R. SLOAN, Respondent, v MARTIN SLOAN, Appellant.— Appeal by defendant, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated October 25, 1978, as allegedly denied his motion for a downward modification of the alimony and child support provisions of a judgment of divorce of the same court dated October 24, 1977. The order appealed from does not contain a provision denying defendant's motion for a downward modification of the child support and alimony provisions of the judgment of divorce. This appears to have been a mere oversight since the order in question recites that defendant's moving papers were read in connection therewith and the memorandum decision of the court specifically denies defendant's motion. Accordingly, we deem the order amended to include a decretal provision reciting the denial (see *Rooney v City of Long Beach,* 42 AD2d 34, 36; *Pattison-Bolson Rug Serv. v Sloane,* 45 AD2d 862; *Lopez v Consolidated Edison Co. of N. Y.,* 87 Misc 2d 947, 949). Order affirmed insofar as appealed from, with $50 costs and disbursements. After reviewing the record we find appellant's contentions to be without merit. Hopkins, J. P., Damiani, O'Connor, Lazer and Mangano, JJ., concur.