OPINION OF THE COURT
Daniel F. Luciano, J.
In this CPLR article 78 proceeding the petitioner seeks review of a determination of the respondent board of trustees of February 9,1983. That determination was rendered upon the petitioner’s application to the board of trustees for a special license after the respondent Gordon Thomsen, the licensing officer, had refused to issue such a special license.
For the reasons indicated below the court declines to review the merits of the board of trustees decision.
The petitioner’s property is apparently located in a “Central Commercial C-l District” within the Village of Port Jefferson. Effective July 22, 1981, pursuant to section 80-17(C)(4) of the Code of the Village of Port Jefferson, permitted in a Central Commercial C-l District is the following: “Manual or automatic operation of electronic, mechanical or computerized amusement devices by coins, or tokens or for fee of any nature is an accessory use only. The number *467 of such units is limited to two (2) on/in any one (1) premises and is subject to the licensing requirement of Chapter 35, Article II, of the Village Code.”
Section 35-6 of the Village Code (embodied in ch 35, art II) provides, in part:
, “No person shall conduct or engage in any of the following trades or occupations unless such person shall have obtained previously a special license therefor, for which the fee shall be as hereinafter specified * * *
“C. * * * places in which mechanically operated amusement devices are maintained.”*
Section 35-7 provides, in part: “Application for a special license shall be made to the Licensing Officer of the Incorporated Village of Port Jefferson on forms prescribed by said Licensing Officer. The Licensing Officer shall issue said license to such persons as he shall deem fit and proper. The Licensing Officer shall refuse such license for any trade or occupation specified in § 35-6 C which in his judgment shall be likely to disturb the peace and order of the Incorporated Village of Port Jefferson or be immoral or improper. Any applicant who shall have been refused such license by the Licensing Officer may apply to the Board of Trustees at a regular meeting thereof for said license. Said license may be granted or refused by the Board of Trustees.”
By an application sworn to on December 14, 1982 the petitioner sought the requisite license. In a letter dated December 29,1982 the respondent Gordon P. Thomsen, the licensing officer, indicated to the petitioner that he had denied the application “because Section 80-17C(4) limits the number of such machines to two (2) and the application states your client has twenty-three (23).”
The petitioner’s appeal to the board of trustees thereafter followed. It is a review of the board’s affirmance of the licensing officer’s denial which the petitioner now seeks.
The minutes of the February 9, 1983 meeting of the board of trustees reflect that the board of trustees reached the following conclusions in denying the petitioner’s appli *468 cation: (1) The applicant does not comply with the code because he has more than two machines and they are not an accessory use. (2) The C.O. on the building indicates the area as a retail use and not a game room. (3) No site plan has been submitted to change the use from retail to a game room use (service use). (4) The applicant’s attorney made it clear at this appeal hearing today before the village board that this operation is an arcade/game room and hot a retail use.
Although the petitioner has raised 12 different grounds for reversal of the determination of the board of trustees, the court concludes that the proceedings at this stage are so permeated with procedural irregularities that it is more appropriate to direct the parties to cure such irregularities than to attempt to render a decision on the merits at this time.
First, the court is constrained to conclude that the appeal procedure set forth in section 35-7 of the code is improper. The section directs a party who has been refused a special license by the licensing officer to apply to the board of trustees. This procedure conflicts with State law.
In mandatory language subdivision 1 of section 7-712 of the Village Law directs the board of trustees to appoint a board of appeals. Subdivision 2 of section 7-712 of the Village Law provides in part that: “Such board of appeals shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinances or local laws adopted pursuant to this article.”
Indeed, the Code of the Village of Port Jefferson recognizes this requirement of State law. (§§ 80-42, 80-43 [A] [1].)
The distinction between the board of trustees and the board of appeals is not simply one of form. “No person who is a member of the village board of trustees shall be eligible for membership on such board of appeals.” (Village Law, § 7-712, subd 1.)
The court therefore concludes that a review of the determination of the licensing officer must be made by the board of appeals and not the board of trustees notwithstanding *469 the language of section 35-7 of the code. “It is a fundamental principle that municipal ordinances are inferior in status and subordinate to the laws of the State. An ordinance in conflict with a State law of general character and State-wide application is universally held to be invalid”. (Rooney v City of Long Beach, 42 AD2d 34, 39, citing NY Const, art IX, § 2, subd [c], par [i].)
Moreover, if the board of trustees were the proper body to hear this appeal from the licensing officer it is doubtful that this court, rather than the Appellate Division, would be the appropriate forum to review the board of trustees decision. (See CPLR 7803, subd 4; 7804, subd [g]; Village Law, § 7-712, subd 3.)
Furthermore, the petitioner has raised the issue of whether it should be permitted to operate its business as a pre-existing, nonconforming use. Again, this is not an issue properly before the board of trustees.
Section 80-43 (D) of the Village Code specifies that the board of appeals is the body empowered “to hear and determine whether a nonconforming use claimed and described in the application exists, and if so, the nature, location and extent thereof.” (§ 80-43 [D] [1].) Section 80-43 (D) (2) requires the board of appeals to “fix a reasonable time for a hearing” and to provide the proper parties “the full opportunity to be heard and to present any evidence * * * bearing on the issues of the location, existence, nature and extent of any claimed nonconforming use.”
In addition, the court is unable to discern by what means the board of trustees undertook to review the certificate of occupancy or the site development plan in the matter pending before it.
The petitioner has the means to have the issues which it seeks to raise brought before the proper forum. The respondents, likewise, may properly initiate appropriate proceedings to seek review of any purportedly unlawful activity on the part of the petitioner. When properly raised and properly brought before the court the relevant matters can be determined.
Currently, the court declines to review the determination of the board of trustees. The matter of the appeal from *470 the denial by the licensing officer of the petitioner’s request for a special license is remanded to the Board of Appeals of the Village of Port Jefferson.

 The parties seem to agree that subdivision C is the relevant provision notwithstanding that the reference therein is to “mechanically operated amusement devices” and that the video games in question are, presumably, electronic devices.