# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1055**
**CA 16-01077**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN TOWN OF
GREECE, PETITIONER-APPELLANT,

                    AND                            MEMORANDUM AND ORDER

THE UNIFORMED PATROLMEN'S ASSOCIATION OF THE
GREECE POLICE DEPARTMENT, ON BEHALF OF MICHAEL
HAUGH, RESPONDENT-RESPONDENT.

---

HARRIS BEACH PLLC, PITTSFORD (KYLE W. STURGESS OF COUNSEL), FOR
PETITIONER-APPELLANT.

TREVETT CRISTO SALZER & ANDOLINA P.C., ROCHESTER (MICHAEL F. GERACI OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered October 28, 2015 in a proceeding pursuant to CPLR article 75. The order denied the petition for a stay of arbitration.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding seeking a permanent stay of arbitration pursuant to CPLR 7503 (b) after respondent filed a demand for arbitration concerning disciplinary charges against former Town of Greece police officer Michael Haugh. Supreme Court denied the petition, and we affirm.

We reject petitioner's contention that its newly-adopted disciplinary rules and regulations applied retroactively to this disciplinary matter. In August 2013, petitioner provided Haugh with written notice of the charges and specifications of misconduct and, in reliance upon the provisions of the collective bargaining agreement (CBA) between petitioner and respondent, Haugh elected to waive his rights under Civil Service Law § 75 and to proceed under the grievance procedure set forth in the CBA. On October 1, 2013, respondent requested that the matter proceed to Step 3 of the grievance procedure, which provided for arbitration. On December 17, 2013, the Town Board of petitioner adopted a resolution to amend the disciplinary rules and regulations for petitioner's Police Department, which superseded the grievance provisions of the CBA and applied to all prospective police disciplinary matters. On November 19, 2014, respondent served the demand for arbitration.

"[T]he general presumption against retroactive application of statutes is . . . designed . . . to prevent impairment of vested rights," such as those derived from a contractual agreement (*Rooney v City of Long Beach*, 42 AD2d 34, 39, *appeal dismissed* 33 NY2d 897). A legislative "amendment will have prospective application only, unless its language clearly indicates that a contrary interpretation is to be applied" (*Matter of Deutsch v Catherwood*, 31 NY2d 487, 489-490; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]; *Becker v Huss Co.*, 43 NY2d 527, 539). Although an "exception is generally made for so-called remedial legislation or statutes dealing with procedural matters" (*Becker*, 43 NY2d at 540), "statutes affecting substantive rights and liabilities are presumed to have only prospective effect" (*Bennett v New Jersey*, 470 US 632, 639).

Here, we conclude that Haugh's contractual right to proceed under the CBA's arbitration provision had vested before petitioner adopted its new rules and regulations (*see generally Rooney*, 42 AD2d at 39). The new rules and regulations altered Haugh's substantive contractual remedy by removing any prospect of arbitration (*see generally Matter of Schlaifer v Sedlow*, 51 NY2d 181, 185), and are therefore presumed to have only prospective effect (*see generally Bennett*, 470 US at 639).

Furthermore, the new rules and regulations do not expressly set forth the date on which they went into effect. Even assuming, arguendo, that they were intended to become effective immediately upon adoption, we conclude that they provide no indication that they were intended to operate retroactively upon a disciplinary matter that had commenced prior to their adoption, had gone through the first two steps of the CBA's grievance procedure, and was about to proceed to arbitration (*see Brooks v County of Onondaga*, 167 AD2d 862, 862; *see generally Becker*, 43 NY2d at 540). Moreover, "there is no indication that the purpose of the [regulations] was remedial in nature" (*Matter of Yasiel P. [Lisuan P.]*, 79 AD3d 1744, 1745, *lv denied* 16 NY3d 710). Petitioner's reliance upon *Matter of Town of Wallkill v Civil Serv. Empls. Assoc., Inc. (Local 1000, AFSCME, AFL-CIO, Town of Wallkill Police Dept. Unit, Orange County Local 836)* (19 NY3d 1066) is misplaced inasmuch as, in that case, the Town of Wallkill enacted its new disciplinary procedures before it initiated disciplinary action against the police officers (*id.* at 1068). Therefore, under the circumstances of this case, we conclude that the new regulations did not retroactively supersede the CBA's grievance procedure with respect to the pending disciplinary matter (*see generally Morales v Gross*, 230 AD2d 7, 12).

We reject petitioner's further contention that the demand for arbitration is an attempt to challenge the validity of the new disciplinary rules and regulations and is untimely because it should have been asserted in a proceeding pursuant to CPLR article 78, which is subject to a four-month statute of limitations (*see* CPLR 217 [1]). Upon our review of the record, we conclude that the demand for arbitration was based upon alleged breaches of the CBA and did not advance a challenge to the newly enacted rules and regulations (*cf.*

*Matter of County of Nassau v Civil Serv. Empls. Assn.*, 265 AD2d 326, 326, *lv denied* 94 NY2d 759).