(January 17, 1995)

■ JANET FRANK, Respondent-Appellant, v CITY OF NEW YORK et al., Respondents, and DIVA JEWELRY, INC., Appellant-Respondent. [621 NYS2d 546] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered August 11, 1993, which denied plaintiff's motion for summary judgment and defendant Diva Jewelry, Inc.'s motion for summary judgment dismissing the complaint as against it and granted defendants Solil Management's and Sol Goldman's motion for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to reverse the order insofar as it denied defendant Diva Jewelry, Inc.'s motion, the motion granted and the complaint against defendant Diva Jewelry, Inc. dismissed, and otherwise affirmed, without costs.

Summary judgment was properly denied to plaintiff in this slip and fall case as triable issues of fact remain concerning proximate causation and plaintiff's own culpability. However, we find that the motion of defendant Diva Jewelry, Inc. ("Diva"), for summary judgment dismissing the complaint as against it should have been granted. Generally, absent an obligation created by statute or ordinance, an abutting landowner or lessee will be held responsible for maintaining or repairing defects in a public sidewalk only if the owner or lessee created the defect, or the owner or lessee uses the sidewalk for a special purpose (Tortora v Pearl Foods, 200 AD2d 471, 472). In this case, although plaintiff claimed that defendant Diva made special use of the sidewalk, she presented no admissible evidence in support of that claim and failed to controvert Diva's showing that, up to and including the date of the accident, Diva did not perform repairs or alterations to the sidewalk, did not use the sidewalk for

advertising displays and deliveries and placed nothing on the sidewalk which would obstruct the normally high flow of pedestrian traffic. Under these circumstances, no triable issues of fact remain concerning Diva's liability based on a special use of the sidewalk, and summary judgment should have been granted.

In light of our decision it is clear that the court properly granted summary judgment to defendants Solil Management and Sol Goodman, who plaintiff sought to hold liable for having negligently acquiesced in the alleged special use of the sidewalk by Diva, their tenant.

Moreover, the argument by the City, raised for the first time on appeal, that summary judgment should have been denied to Diva, as well as defendants Solil and Goodman, because evidence exists that the alleged defect had been improperly repaired, must fail. No evidence appears in the record indicating that plaintiff's fall was caused by a defective repair or that these defendants had made any repairs to the sidewalk. The City may not now argue that it should have an opportunity to explore these issues on discovery when it has, up to now, failed to do so.

We decline the invitation of the City, which neither moved below nor appealed the court's order, to grant it summary judgment on the issue of whether it received adequate notice of the alleged defect as required by Administrative Code of the City of New York § 7-201 (c) (2). This defense is completely unrelated to the claims addressed in the motions for summary judgment which are before us on this appeal. A motion for summary judgment addressed to one claim or defense does not provide a basis for the court to search the record to grant summary judgment on an unrelated claim or defense *(Conroy v Swartout,* 135 AD2d 945). Concur—Murphy, P. J., Ellerin, Wallach and Kupferman, JJ.