■ Mary C. Rufino, Respondent, v Mary Colella, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant. [626 NYS2d 163] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered August 18, 1994, which, insofar as appealed from, denied the motion by the defendant for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, without costs.

In this action brought to recover for injuries allegedly sustained by plaintiff when she fell on a sidewalk, the IAS Court properly determined that summary judgment in defendant's favor was precluded by triable issues of fact as to, *inter alia,* the extent of the defendant's maintenance of the sidewalk area where the plaintiff was allegedly injured and whether the defendant created the defect in the sidewalk which caused the accident *(see, Brady v Maloney,* 161 AD2d 879).

Defendant testified at her deposition that it was her responsibility to keep the sidewalk in good condition, that she did

not "remember" whether she had ever made repairs to the sidewalk prior to the accident, acknowledged that the area where the plaintiff had fallen had been repaired after the accident, and denied, in conclusory fashion, plaintiff's claim that the plaintiff had repeatedly complained to the defendant several times in the years prior to the accident about a defective condition of the sidewalk abutting the defendant's property where the accident occurred.

We have reviewed the defendant's remaining claims and find them to be without merit. Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.