■ CLOVENE MORRISSEY et al., Respondents, v CITY OF NEW YORK et al., Defendants, and CORNER REALTY 30/7 INC., Appellant. [670 NYS2d 465] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered November 21, 1996, which denied the motion of defendant Corner Realty 30/7 Inc. (Corner) for summary judgment in its favor dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint against Corner dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The owner of real property does not owe the public a duty to keep a public sidewalk in safe condition solely because the property abuts the sidewalk (*City of Rochester v Campbell*, 123 NY 405, 412; *Alicea v City of New York*, 188 AD2d 631; *Kiernan v Thompson*, 137 AD2d 957, 958). Here, plaintiff sought to rely upon an exception to that general rule that provides that an abutting property owner may be held liable for injuries caused by a defect in a public sidewalk when it has created the defective condition (*see, Montalvo v Western Estates*, 240 AD2d 45; *Rufino v Colella*, 215 AD2d 223; *Brady v Maloney*, 161 AD2d 879). However, plaintiff presented no evidence in opposition to the motion for summary judgment brought by Corner, the abutting property owner, to counter Corner's denial of having contributed in any way to the allegedly defective condition of the sidewalk. We note that, even assuming that plaintiff

established that the subject sidewalk had been negligently repaired, the mere fact that the City denied making the repairs to the sidewalk did not constitute evidence that Corner had performed the repair. Nor was a material question of fact created concerning responsibility for the alleged defect by the testimony by Corner's employee that he would have repaired a defect if he had noticed one, which, he further testified, he did not. The IAS Court was therefore in error in denying summary judgment on that ground. Concur—Sullivan, J. P., Rosenberger, Ellerin and Tom, JJ.