■ MIGUEL PAULA, JR., Respondent, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [671 NYS2d 473] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered March 19, 1997, which denied defendant-appellant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff sustained injuries from a slip and fall while walking along the sidewalk on the south side of East 137th Street. The sidewalk comprises part of the outside perimeter of an apartment complex owned and operated by defendant-appellant New York City Housing Authority, which defendant City of New York is contractually obligated to repair and maintain. The complaint alleges that the accident resulted from an area of the sidewalk that had fallen into disrepair, creating a depression where ice had accumulated. Supreme Court denied the Housing Authority's motion for summary judgment, holding that there is an issue of fact as to causation.

In order to defeat a motion for summary judgment, the non-moving party must present sufficient evidence that demonstrates the existence of a triable issue of fact (CPLR 3212 [b];

*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [Per Curiam]). The Housing Authority is under no duty to maintain the sidewalk. As a matter of common law, the duty to maintain public sidewalks is imposed on the City. To the extent that the contract between the City and the Housing Authority inures to the benefit of third parties, the City is likewise contractually obligated to "[m]aintain the streets, sidewalks, sewers, water mains and appurtenances" and to provide municipal services, including "snow removal service". Therefore, to find appellant liable, it must be established that the Housing Authority undertook to remove the snow on its own accord and thereby created a hazardous condition (*Rhymer v Nalpantidis*, 232 AD2d 299, 300, *lv denied* 89 NY2d 814; *Keane v City of New York*, 208 AD2d 457). Plaintiff, however, has merely shown that ice was present on the sidewalk and that the Authority maintained equipment and employed a crew to clear snow and ice from the housing project grounds.

Plaintiff has not shown that the Authority did, in fact, attempt to remove snow and ice from the public sidewalk where he allegedly fell. Since appellant has no duty to remove the ice and snow, and since plaintiff has not established that the Authority undertook to carry out that duty on its own, thereby creating the hazardous condition to which he attributes his injury, there is no triable issue of fact, and the claim against appellant Housing Authority must fail (*see, Rhymer v Nalpantidis, supra,* at 300). Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Mazzarelli, JJ.