■ SYLVIA MILLER, Respondent, v CITY OF NEW YORK, Respondent, and JOSEPH JAMAL, Appellant. [677 NYS2d 111] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered January 30, 1997, which denied defendant Joseph

Jamal's motion for summary judgment dismissing the complaint and all cross-claims against him, and from an order, same court and Justice, entered on or about December 16, 1997, which, to the extent appealed from as limited by the briefs, upon reargument, adhered to the prior order, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff alleges that she fell in front of commercial premises owned by defendant Joseph Jamal. The accident is alleged to have been caused by an uneven sidewalk abutting a tree well, from which the tree had been removed by persons unknown.

In support of his motion for summary judgment dismissing the complaint, defendant Jamal submitted his personal affidavit attesting that, during the several years he owned the property prior to the accident, he had never repaired the sidewalk nor planted or uprooted any trees, nor had he employed anyone else to do so. Defendant also submitted the deposition testimony of his managing agent, Ben Ofir, who stated that he had been unable to locate any records with respect to sidewalk repairs and that no one else at the office of his employer, JEM Realty Management, had any recollection of work being performed in that location. Defendant's application for dismissal of the complaint is predicated on plaintiff's failure to establish a factual nexus between the defect alleged to have caused her injury and the breach of any duty by defendant arising out of his ownership and operation of the property.

Supreme Court denied the motion on the ground that defendant's affidavit is self-serving and that the managing agent, Mr. Ofir, lacks personal knowledge of the facts. Upon defendant's subsequent motion to renew or reargue, the court granted reargument and adhered to its previous decision.

"It is well settled that the owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose" (*Otero v City of New York,* 213 AD2d 339, 339-340; *see also, Paula v City of New York,* 249 AD2d 100). There is no indication the sidewalk was put to any special use, and defendant, in the affidavit Supreme Court finds self-serving, denies performing any work that might have contributed to a defect in the surface of the pavement.

That an affidavit is submitted by a party or other interested person does not detract from its sufficiency as competent evidence (*Tungsupong v Bronx-Lebanon Hosp. Ctr.,* 213 AD2d

236, 237 [party witness]; *Harris v City of New York*, 147 AD2d 186, 189 [guardian]). Thus, the burden shifts to plaintiff to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [citing *Zuckerman v City of New York*, 49 NY2d 557, 562]). In the absence of any proof that would connect defendant's control of the adjoining premises to the defect alleged to have caused plaintiff's injury, the complaint must be dismissed. Concur— Ellerin, J. P., Nardelli, Rubin and Andrias, JJ.