■ HELENE AYLON, Also Known as HELENE A. FISCH, Respondent, v CITY OF NEW YORK, Defendant, and TEXAS COMMERCE BANK, as Successor Trustee to SAN ANTONIO LOAN & TRUST Co., as Trustee of the ETHEL M. TOBIN TRUST, Appellant. [681 NYS2d 258] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about December 10, 1997, denying defendant Texas Commerce Bank's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff claims injury as a result of a trip and fall on the sidewalk abutting defendant Texas Commerce Bank's property at 709 Park Avenue in Manhattan. At the time of the fall, plaintiff was walking alongside a fire hydrant situated on the sidewalk. She felt her left foot catch on to something, causing her to fall. After her fall, she observed that the area around the hydrant consisted of broken up gravel or asphalt, which was lower in height than the cemented area of the sidewalk. The Bank moved for summary judgment dismissing the complaint on the ground that as an abutting landowner, it is not liable for any injury plaintiff sustained on the public sidewalk since it did not create the condition complained of or exercise a special use over any part of the sidewalk. The Bank supported its position with the deposition testimony and affidavit of its building manager, attesting that neither the Bank nor anyone hired by it ever repaired the sidewalk in the area where plaintiff fell. This was a sufficient showing entitling the Bank to summary judgment. (*Morrissey v City of New York*, 248 AD2d 294.)

Plaintiff's opposition was based on the building manager's "belief" that five years before plaintiff's fall "a City entity" had repaired the area around the fire hydrant to its present state after an automobile had knocked over the hydrant. According to an affidavit from the City's Deputy Chief of Searches and Appearances, a search of the City's records for the area in front of the abutting premises reveals no permit applications or resurfacing records for the location in question. This assertion does not create an issue of fact. "[T]he mere fact that the

City denied making the repairs to the sidewalk [does] not constitute evidence that [the abutting owner] had performed the repair." (*Morrissey v City of New York, supra,* 248 AD2d, at 295.)

The complaint is dismissed as against defendant Bank. Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.