■ HELEN BROCK, Respondent, v CATHEDRAL PARKWAY TOWERS MANAGEMENT Co., Appellant, et al., Defendant. [686 NYS2d 16] —Order, Supreme Court, New York County (Louis York, J.), entered September 16, 1997, which denied the motion of defendant-appellant Cathedral Parkway Towers Management Co. for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Plaintiff, a resident of the apartment building at 125 West 109th Street, alleged that at about 7:30 A.M. on December 28, 1992, she slipped and fell due to snow and ice on the walk adjacent to the front entrance. Defendant Cathedral Parkway owns this building. Climatological data indicated that one inch of snow fell on December 25, 1992 and that freezing rain was falling from 6:00 to 10:00 A.M. on the date of the accident. Plaintiff's deposition testimony (while not entirely clear and free from self-contradiction on this point) indicated that when she returned home at about 5:30 P.M. on the previous evening, a path had been cleared on the sidewalk leading to the entrance, but this path was obscured under new snow and ice on the morning of her fall. There was evidence suggesting that Cathedral Parkway's employees regularly cleared the walk in this area.

The IAS Court denied Cathedral Parkway's motion for summary judgment, on the grounds that a triable issue existed as to whether defendant's employees had performed snow removal the previous evening in a negligent manner that caused plaintiff's fall.

On appeal, an additional issue arose as to the ownership of

the walk where plaintiff fell. Cathedral Parkway has always taken the position that as a mere abutting landowner, it has no duty to clear the sidewalk, and that it can only be liable if it worsened or created the hazardous condition (*Paula v City of New York*, 249 AD2d 100). With this Court's permission, plaintiff submitted a surveyor's affidavit and supporting documentation, including a photograph, indicating that the land is actually owned by Cathedral Parkway. Were this true, defendant-appellant would be held to a higher standard of care. If it had actual or constructive notice of the hazardous condition, the landowner would have a duty to remedy it within a reasonable time (*Laster v Port Auth.*, 251 AD2d 204, *lv denied* 92 NY2d 812). Cathedral Parkway contests the surveyor's methodology. Thus, there is a factual dispute over the ownership of the place where plaintiff fell.

Summary judgment was properly denied in light of the snowfall of December 25 and plaintiff's testimony that there was snow left on the walk on the evening of December 27. A triable issue exists as to whether Cathedral Parkway was the owner of the place where plaintiff fell and, if so, whether it was negligent in failing to remove this snow, the presence of which may have contributed to plaintiff's accident (*see, Kyung Sook Park v Caesar Chemists*, 245 AD2d 425). Concur—Rosenberger, J. P., Ellerin, Williams and Andrias, JJ.