■ ARLENE COBO, Respondent, v CITY OF NEW YORK, Defendant, and SARA LIGHTING INC., Appellant. (And a Third-Party Action.) [698 NYS2d 672] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about August 21, 1998, denying the motion of defendant Sara Lighting Inc. for summary judgment dismissing the complaint against it, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Defendant Sara Lighting is the owner of the premises at 140 Bowery. Defendant leased the premises to its president, Solomon Hartman, who then assigned the lease to third-party defendant, Lite Elite Company, which employed plaintiff. Plaintiff allegedly tripped and fell on the sidewalk in front of the premises as a result of uneven pavement. In plaintiff's action against Sara Lighting as owner, she alleged the owner's special use of the sidewalk arising from Elite's placement of a sidewalk awning over the area where she fell, purportedly imposing on the owner responsibilities for maintenance and repair of that sidewalk area. Plaintiff also surmised, on the basis of the absence of records evincing that the City had undertaken the defective repair work in that location, that the repairs must have been done by the owner, a fact it denied.

It is well established that the owner or lessee of premises abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the owner or lessee creates the defective condition or uses the sidewalk where the injury occurred for a special purpose (*Miller v City of New York*, 253 AD2d 394). Whether or not Elite, against whom plaintiff's action is barred by virtue of New York's Workers' Compensation Law, used the sidewalk for a special use has no bearing on whether the owner used the sidewalk for a special use, for which evidence is entirely lacking in this case. Moreover, upon defendant's denial that it had undertaken the sidewalk repairs allegedly causing the defective condition, it was plaintiff's burden to proffer proof in admissible form creating a factual issue regarding defendant's responsibility for causing the defect, a burden not satisfied in this case. The City's denial, standing alone, does not constitute evidence that defendant had undertaken the repair (*Morrissey v City of New York*, 248 AD2d 294). Defendant Sara Lighting is entitled to summary judgment dismissing the complaint. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ.