■ MORRIS PADAWER, as Administrator of the Estate of SAM PADAWER, Deceased, Respondent, v CITY OF NEW YORK, Defendant, and KIVELY CHRISTAKOS, Appellant. [703 NYS2d 740] —In an action to recover damages for personal injuries, the defendant Kively Christakos appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated March 12, 1999, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against the defendant Kively Christakos.

"It is well settled that the owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition unless the landowner or lessee creates a defective condition in the sidewalk or uses it for a special purpose" (*Otero v City of New York,* 213 AD2d 339, 340; *see, Miller v City of New York,* 253 AD2d 394, 395; *see also, Paula v City of New York,* 249 AD2d 100). In the present case, the appellant established her right to judgment as a matter of law by submitting an affidavit in which she asserted, among other things, "[n]either I, nor anyone on my behalf, created the alleged defective condition on the public sidewalk, performed any

repair upon the public sidewalk prior to the alleged occurrence [or] made any 'special use' of the subject sidewalk". This assertion is consistent with the appellant's deposition testimony. In opposition, the plaintiff failed to establish the existence of a triable issue of fact (*cf., Rufino v Colella,* 215 AD2d 223; *Morrissey v City of New York,* 248 AD2d 294). Mangano, P. J., Bracken, Joy and H. Miller, JJ., concur.