■ ESMERALDA MARTINEZ et al., Appellants, v CITY OF NEW YORK et al., Defendants, and 200 CLAREMONT AVENUE HOUSING DEVELOPMENT FUND CORPORATION, Respondent. [741 NYS2d 32] —Order, Supreme Court, New York County (Joan Madden, J.), entered May 21, 2001, which, inter alia, granted the motion of defendant 200 Claremont Avenue Housing Development Fund Corporation (Claremont) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS court properly found there was no triable issue of fact as to defendant Claremont's liability for injuries allegedly sustained by plaintiff Esmeralda Martinez when she tripped and fell over bolts that had remained imbedded in the public sidewalk abutting Claremont's premises following the removal of a pay telephone that had been installed against the wall of

Claremont's apartment building. The owner of premises abutting a public sidewalk owes no duty to the public to keep the sidewalk free of hazards unless the owner creates the hazard or uses the sidewalk for a special purpose (*see, Cobo v City of New York*, 266 AD2d 121). In an affidavit in support of the motion, Claremont's president averred that a tenant in one of the building's four commercial spaces had been responsible for the installation of the pay telephone, that Claremont did not authorize either the installation or the phone's removal and derived no benefit from its use (*see, Kaufman v Silver*, 90 NY2d 204, 207-209). Plaintiffs proffered no proof in admissible form establishing a factual issue as to whether Claremont created the defective condition or used the sidewalk area where the accident occurred for any special purpose. Claremont was therefore entitled to summary judgment dismissing the complaint (*see, id.*). Concur—Mazzarelli, J.P., Saxe, Rosenberger, Ellerin and Marlow, JJ.