■ CARMEN SALAS, Appellant, v CITY OF YONKERS et al., Defendants, and HIJONG LEE, Respondent. [743 NYS2d 123] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered February 28, 2001, which granted

that branch of the motion of the defendant Hijong Lee which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

It is well settled that an abutting landowner will not be liable to a pedestrian injured on a public sidewalk unless the landowner, inter alia, caused the defect to occur because of some special use of the sidewalk (*see Kaufman v Silver,* 90 NY2d 204; *Hausser v Giunta,* 88 NY2d 449; *Benenati v City of New York,* 282 AD2d 418). Here, the defendant Hijong Lee (hereinafter the respondent) established his entitlement to judgment as a matter of law by demonstrating that he was an abutting landowner and that the sealed cellar doors in the sidewalk, which led to his building, did not proximately cause the plaintiff's accident. By contrast, the plaintiff failed to demonstrate that the respondent's special use of the sidewalk created the defect which proximately caused her to fall (*see Benenati v City of New York, supra*; *Winberry v City of New York,* 257 AD2d 618; *Nguyen v Brentwood School Dist.,* 239 AD2d 406; *Noto v Mermaid Rest.,* 156 AD2d 435; *Kaszovitz v Weiszman,* 110 AD2d 117). Under the circumstances, the Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against the respondent.

The appellant's remaining contentions are without merit. Smith, J.P., O'Brien, McGinity and Townes, JJ., concur. [As amended by unpublished order entered September 16, 2002.]