■ MARTHA TRONCOSO, Respondent, v CITY OF NEW YORK, Respondent, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [760 NYS2d 846] —Order, Supreme Court, New York County (Faviola Soto, J.), entered January 25, 2002, which denied the motion of defendant New York City Housing Authority (Housing Authority) for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant New York City Housing Authority dismissing the complaint as against it.

Plaintiff allegedly sustained personal injuries as a result of a fall on an uneven, broken public sidewalk in front of a building owned and maintained by the defendant Housing Authority in its Marble Hill Houses Project. After a search of their respective records, neither the City of New York nor the Housing Authority was able to furnish any permits, repair orders, violations or complaints regarding the subject public sidewalk. The Housing Authority denied that it had made any repairs to the sidewalk and its employee, the supervising caretaker of the Marble Hill Houses Project, testified in his deposition that his employees do not work on the sidewalks immediately adjacent to and bordering the housing complex.

Defendant Housing Authority subsequently moved for summary judgment on the ground that it was the City's duty to maintain the public sidewalks and that plaintiff had failed to adduce any evidence that it either created the defective condition or used the subject sidewalk for any special purpose. In denying the motion, the IAS court found that there was conflicting evidence as to whether the Housing Authority created the subject defect, precluding summary relief. We reverse.

It is well settled that the owner of premises abutting a public sidewalk owes no duty to the public to keep it in a safe condition unless the owner creates the defective condition or makes a special use of the sidewalk (*see Cobo v City of New York*, 266 AD2d 121 [1999]; *Miller v City of New York*, 253 AD2d 394 [1998]). Here, plaintiff has failed to come forward with any evidence in admissible form that the Housing Authority either created the alleged defect or made special use of the subject public sidewalk (*see Rubin v City of New York*, 258 AD2d 371 [1999]). We find unavailing plaintiff's contention that in the absence of any records demonstrating that the City had undertaken to repair the subject sidewalk, the repairs must have been performed by the Housing Authority (*see Aylon v City of New York*, 256 AD2d 68 [1998]; *Morrissey v City of New York*, 248 AD2d 294 [1998]). Such speculation is insuf-

ficient to raise a factual issue precluding summary relief. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Lerner and Marlow, JJ.