REGINA PALONE, Respondent, v CITY OF NEW YORK et al., Respondents, and HARBOUR AT BAY RIDGE CONDOMINIUM, Appellant. [773 NYS2d 583]—

In an action to recover damages for personal injuries, the defendant Harbour at Bay Ridge Condominium appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 9, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff allegedly sustained injuries when the bicycle she was riding struck a raised portion of a sidewalk abutting the property of the defendant Harbour at Bay Ridge Condominium (hereinafter Harbour), causing her to fall. Harbour moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that, as an abutting landowner, it could not be held liable for the plaintiff's injuries. The plaintiff opposed the motion, contending that questions of fact existed as to whether Harbour created the defect by negligently repairing the sidewalk. The Supreme Court denied Harbour's motion and this appeal ensued.

Contrary to the plaintiff's contention, Harbour established its prima facie entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiff to come forward with evidence sufficient to raise a triable issue of fact (*see Diaz v Vieni,* 303 AD2d 713 [2003]; *Breheny v City of New York,* 299 AD2d 385 [2002]; *Padawer v City of New York,* 269 AD2d 509 [2000]; *Bachman v Town of N. Hempstead,* 245 AD2d 327 [1997]). In response to Harbour's motion, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether Harbour created the defect by negligently repairing the sidewalk at the location of her accident (*see Capobianco v Mari,* 267 AD2d 191 [1999]; *Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552, 553 [1998]; *Rubenstein v DeGeorgio,* 236 AD2d 383 [1997]). Accordingly, the Supreme Court should have granted Harbour's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.