■ CARMEN LOPEZ, Individually and as Natural Guardian of RAMON VENTURA, JR., an Infant, Respondent, v CITY OF NEW YORK, Defendant, INOCENCIO LORENZO, Individually and Doing Business as STEVE'S WORLD OF STORE FIXTURES, Appellant, and CONSOLIDATED EDISON COMPANY OF NEW YORK, Respondent. [797 NYS2d 490]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 2, 2004, which denied defendant Inocencio Lorenzo's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Lorenzo dismissing the complaint as against him.

This action arises from a trip and fall by plaintiff's four-year-old son on an allegedly defective portion of sidewalk at or near defendant Lorenzo's store. Plaintiff contends that Lorenzo maintained a display of items on the sidewalk in front of his store which, as placed, blocked the area to such a degree that it compelled plaintiff and the child to alter their path of travel onto the portion of the sidewalk where the defect existed. Plaintiff claims this "special use" of the sidewalk (Balsam v Delma Eng'g Corp., 139 AD2d 292, 298-299 [1988], lv denied 73 NY2d 783 [1988]) was a proximate cause of the accident.

However, photographs taken the day of the accident and relied upon by plaintiff clearly show the placement of Lorenzo's items against the wall of his store, so as not to hinder the pedestrians' traverse of the sidewalk, much less to compel them to alter their path. Even if Lorenzo created a special use of the sidewalk, plaintiff failed to raise a question of fact that the child's use was a proximate cause of his accident (*see Infante v City of New York*, 258 AD2d 333 [1999]; *Rubin v City of New York*, 258 AD2d 371 [1999]). Accordingly, Lorenzo's motion should have been granted. Concur—Tom, J.P., Andrias, Ellerin, Nardelli and Sweeny, JJ.