OPINION OF THE COURT
Lucy Billings, J.
*366 I. Background
Plaintiff sues to recover for personal injuries sustained March 16, 2001, when she fell in a tree well in the sidewalk abutting the business premises leased by defendant E&M Café, Inc., on Arthur Avenue in Bronx County. E&M Café moves for summary judgment dismissing the complaint and all cross claims against this defendant, on the ground that E&M Café was not responsible for plaintiffs injuries. (CPLR 3212 [b].) For the reasons explained below, the court denies E&M Café’s motion.
II. E&M Café’s Liability
As a party occupying and holding an interest in real property abutting a public sidewalk, E&M Café is not liable for a defect in the sidewalk unless the café created the defect or made special use of the sidewalk. (Kaufman v Silver, 90 NY2d 204, 207 [1997]; Thomas v Triangle Realty Co., 255 AD2d 153 [1st Dept 1998]; Frank v City of New York, 211 AD2d 478, 479 [1st Dept 1995]; see Troncoso v City of New York, 306 AD2d 208 [1st Dept 2003]; Moschillo v City of New York, 290 AD2d 260 [1st Dept 2002]; Salas v City of Yonkers, 294 AD2d 419, 420 [2d Dept 2002].) E&M Café maintains that it is not liable for a defect in the sidewalk because this commercial tenant did not create any defect and was not responsible for maintaining the sidewalk where plaintiff fell. Plaintiff claims that E&M Café’s liability arises from the tenant’s special use of the sidewalk.
A. E&M Café’s Evidence
E&M Café supports its motion with the deposition testimony of plaintiff, that she fell on brick surfacing around a tree and not level with the sidewalk adjacent to E&M Café’s leased premises, and of Enzo DiRende, E&M Café’s sole proprietor and vice-president, acknowledging a tree 12 to 14 feet from the front of E&M Café. DiRende denies, however, that E&M Café operated an outdoor café or placed any chairs in front of the premises. This evidence adequately establishes that E&M Café did not contribute to the alleged defect, shifting the burden to plaintiff to present contrary evidence. (Troncoso v City of New York, 306 AD2d at 208; Gitterman v City of New York, 300 AD2d 157, 158 [1st Dept 2002]; Sharif v City of New York, 256 AD2d 111 [1st Dept 1998].)
B. Plaintiffs Evidence
In opposition, plaintiffs affidavit attests that E&M Café had placed “near the tree well” (1) a freezer, “for some time prior to my fall” (Agor affidavit, exhibit A, at 1), and (2) chairs, on numerous prior occasions, and on the day she fell. {Id. at 1-2.) Plaintiffs previous testimony at a hearing pursuant to General *367 Municipal Law § 50-h specified that E&M Café had “a refrigerator outside” “at the time of the accident.” (Agor affidavit, exhibit B, at 13.) Plaintiff attests that E&M Café used the freezer to display and sell food and the chairs to accommodate E&M Café’s customers, and these furnishings diverted pedestrian traffic on the sidewalk “into and around” the café. (Agor affidavit, exhibit A, at 2.) This evidence establishes that E&M Café placed obstructions encroaching over the sidewalk, impeding its normal use, and constituting a special use (Frank v City of New York, 211 AD2d at 478-479; see Lopez v City of New York, 19 AD3d 301 [1st Dept 2005]), which benefitted E&M Café independent of the public use. (Spangel v City of New York, 285 AD2d 425 [1st Dept 2001]; Thomas v Triangle Realty Co., 255 AD2d 153 [1998]; Balsam v Delma Eng’g Corp., 139 AD2d 292, 298-299 [1st Dept 1988].)
C. Causal Connection
E&M Cede further claims that even if it benefitted from its special use of the sidewalk area, that use did not cause plaintiffs fall. (Lopez v City of New York, 19 AD3d at 302; Moschillo v City of New York, 290 AD2d 260 [2002]; Salas v City of Yonkers, 294 AD2d at 420; Benenati v City of New York, 282 AD2d 418, 419 [2d Dept 2001].) First of all, while DiRende testified that E&M Café did not plant the tree in the tree well or perform any work on the sidewalk, defendant does not establish that its use of the sidewalk and area around the tree well did not cause the misleveled bricks on which plaintiff fell. The absence of E&M Café’s evidence on this point, particularly in the face of plaintiffs affidavit that E&M Café’s freezer was “at . . .or near the tree well,” and the café’s chairs were “in the vicinity of the tree well and the . . . freezer,” leaves an issue whether that use of the area did cause the defect in the brick surface. (Agor affidavit, exhibit A, at 1-2; see Moschillo v City of New York, 290 AD2d 260 [2002]; Benenati v City of New York, 282 AD2d at 419.) Moreover, whether or not E&M Café’s freezer, chairs, or employees or customers using those furnishings caused the defective surface, the evidence that they were near the tree well and diverted pedestrian flow leaves an issue whether that use of the area still contributed to plaintiffs fall by causing her to walk on that surface rather than the sidewalk. (Lopez v City of New York, 19 AD3d at 302; Salas v City of Yonkers, 294 AD2d at 420.)
In any event, the alleged proximity of E&M Café’s appurtenances and use to the tree well would impose correlating main *368 tenance obligations on defendant, which according to DiRende it did not carry out. (Kaufman v Silver, 90 NY2d at 207; Thomas v Triangle Realty Co., 255 AD2d at 154; Balsam v Delma Eng’g Corp., 139 AD2d at 298.) Thus, if E&M Café used the sidewalk area for the cafe’s purposes, defendant would assume an obligation to keep the area reasonably safe to avoid injury to pedestrians. (Kaufman v Silver, 90 NY2d at 207; Balsam v Delma Eng’g Corp., 139 AD2d at 298.) Certainly if, as plaintiffs evidence suggests, E&M Cafe’s use caused pedestrians to walk either onto a defective surface or off the sidewalk onto a surface not intended for walking, defendant would be responsible for keeping that surface repaired and safe for pedestrians.
III. Conclusion
Consequently, the court denies defendant E&M Café’s motion for summary judgment dismissing the complaint and cross claims against E&M Café. (CPLR 3212 [b].)