Order, Supreme Court, Bronx County (Julia I. Rodriguez, J), entered on or about June 1, 2012, granting plaintiffs’ motion to reargue to the extent an order, same court and Justice, entered on or about September 26, 2011, granted defendant-respondent’s motion for summary judgment and dismissed plaintiffs’ wrongful death claim as against it and, upon reargument, vacating the prior order, reconsidering defendant-respondent’s motion, and dismissing the complaint in its entirety as against defendant-respondent, unanimously affirmed, without costs. Appeal from the prior order, unanimously dismissed, without costs, as superseded by the appeal from the order granting reargument.
On the morning of November 22, 2006, decedent Yusupha Tunkara was found dead at a construction site in a make-shift tool shed built by his employer, Joy Construction (Joy). Defendant-respondent Sutter Avenue Associates, LLC was the developer of the building under construction, and had retained Joy as the general contractor. An investigation and autopsy revealed that decedent had died from carbon monoxide poisoning caused by a gasoline-powered generator in the shed. Decedent was a night watchman for Joy and was apparently trying to use the generator to power a portable heater to stay warm in the shed during his graveyard shift. The administrator of decedent’s estate commenced this action seeking to recover damages for common-law negligence, violation of Labor Law §§ 200 and 241 (6), conscious pain and suffering, and wrongful death. Decedent’s wife filed a derivative claim for loss of consortium.
The court properly dismissed the common-law negligence and Labor Law § 200 claims. Where, as here, the injury is caused not by the methods of decedent’s work, but by a defective condition on the premises, liability depends on whether the owner or general contractor created or had actual or constructive notice of the hazardous condition (see Espinosa v Azure Holdings II, LP, 58 AD3d 287, 291 n [1st Dept 2008]; Hernandez v Columbus Ctr., LLC, 50 AD3d 597, 598 [1st Dept 2008]; Murphy v Colum *649 bia Univ., 4 AD3d 200, 201-202 [1st Dept 2004]; Roppolo v Mitsubishi Motor Sales of Am., 278 AD2d 149, 150 [1st Dept 2000]). Defendant established prima facie absence of creation or notice on its part by submitting its managing member’s testimony that he did not recall seeing a shed during his occasional visits to the site, and that he had never seen the subject generator and heater. The testimony of Joy’s construction supervisor that Joy built the temporary shed for its own use, that it did not need defendant’s permission to do so, and that it owned the generator and heater supports a finding of lack of awareness on defendant’s part. Plaintiffs have not raised a triable issue of fact.
The court also properly dismissed the Labor Law § 241 (6) claim on the ground that decedent was working as a night watchman, as opposed to a construction laborer, at the time of the accident (Long v Battery Park City Auth., 295 AD2d 204 [1st Dept 2002]; Blandon v Advance Contr. Co., 264 AD2d 550 [1st Dept 1999], lv denied 94 NY2d 754 [1999]; Shields v St. Marks Hous. Assoc., 230 AD2d 903 [2d Dept 1996], lv denied 91 NY2d 806 [1998]). Defendant met its prima facie burden by submitting the deposition testimony of Joy’s construction supervisor and an affidavit and payroll records from Joy’s director of human resources showing that decedent worked as a laborer from March 2006 but began working as a night watchman in October 2006. Plaintiffs failed to raise a triable issue of fact. Although decedent’s brother-in-law and a former Joy laborer averred in their affidavits they had seen decedent cleaning, removing debris, and securing tools during his shift, which began at 3:30 p.m., the affidavits offer no facts as to what work plaintiff was performing at or near the time he died. Further, the former employee averred that he had stopped working for Joy about a month before the incident. Also, given that the evidence shows that electricity had not yet been hooked up to the site and the construction supervisor’s testimony that the inside of the shed, which was built along a wall of the concrete pit that was under construction, was “pitch black” when he found decedent’s body in the early morning, it cannot logically be inferred that plaintiff was performing any construction-related work overnight. The court did not err in dismissing the claim on reargument although it had sustained the claim in the initial order, as “every court retains continuing jurisdiction to reconsider its prior interlocutory orders during the pendency of the action” (Liss v Trans Auto Sys., 68 NY2d 15, 20 [1986]; see also Kleinser v Astarita, 61 AD3d 597, 598 [1st Dept 2009]). We note that dismissal of the Labor Law § 200 claim would also have been justified under the night watchman exception (see Mordkofsky v V.C.V.Dev. Corp., 76 NY2d 573, 576-577 [1990]).
*650 Although the court erred in sua sponte dismissing the claims for conscious pain and suffering and loss of consortium on reargument, where none of the parties addressed these claims on defendant’s underlying motion for summary judgment or on the motion to reargue (see Frank v City of New York, 211 AD2d 478 [1st Dept 1995]; Conroy v Swartout, 135 AD2d 945, 947 [3d Dept 1987]), such error was harmless, given the absence of evidence showing that negligent or wrongful acts by defendant caused decedent’s injuries.
While the court also improperly addressed the wrongful death claim sua sponte on defendant’s summary judgment motion where none of the parties addressed this claim (see Frank, 211 AD2d at 479; Conroy, 135 AD2d at 947), plaintiffs waived any challenge to the impropriety of such act by raising the claim on its motion to reargue. In any event, the error was harmless given the absence of evidence of negligence or other wrongful acts on defendant’s part.
We have reviewed the remaining contentions and find them unavailing. Concur—Mazzarelli, J.E, Saxe, DeGrasse, ManzanetDaniels and Clark, JJ.