OPINION OF THE COURT
 

 Smith, J.
 

 The issue presented by this personal injury action is whether Municipál Home Rule Law § 11 (1) (j) renders invalid section 256 of the City of Long Beach Code, which makes a landowner with property abutting city sidewalks liable for injuries caused by defects in the sidewalk. We conclude that Long Beach Code
 
 *451
 
 § 256 is not invalidated by the Municipal Home Rule Law and reverse the order of the Appellate Division.
 

 Appellants Mary and Henry Hausser live next door to respondent Salvatore Giunta in the City of Long Beach. Portions of a city sidewalk abut the property in front of both houses. In 1989, appellants commenced this action for personal injury against respondents Salvatore and Theresa
 
 [1]
 
 Giunta seeking to recover for injuries appellant Mary Hausser sustained after she tripped over a broken, cracked or depressed portion of the sidewalk abutting the front of respondent’s property.
 
 [2]
 
 Appellant sustained serious injuries to her knee which required surgery. By notice of motion dated February 1, 1993, respondent moved for summary judgment, arguing that under
 
 Rooney v City of Long Beach
 
 (42 AD2d 34), section 11 (1) (j) of the Municipal Home Rule Law invalidated section 256 of the City Code. By notice of motion dated March 31, 1993, appellants opposed respondent’s motion, and cross-moved for summary judgment.
 
 [3]
 

 Supreme Court granted respondent’s motion for summary judgment and dismissed the complaint, finding that respondent neither created the defect nor caused the defective condition due to special use, and respondent was not clothed with liability by a statute or ordinance. The court concluded that the facts of this case were controlled by
 
 Rooney v City of Long Beach
 
 (42 AD2d 34,
 
 appeal dismissed
 
 33 NY2d 897,
 
 supra).
 
 The Appellate Division affirmed, finding that the City of Long Beach Code § 256 was invalidated by the 1960 amendment to City Home Rule Law § 11 (1) (now Municipal Home Rule Law § 11 [1] [j]).
 

 Under the powers granted within section 11 (1) of the former City Home Rule Law (which granted power to local governments to adopt local laws and charters), the City of Long Beach, in 1931, adopted section 256 of the City of Long Beach Charter, transferring liability from the municipality to abutting land
 
 *452
 
 owners and clothing landowners with liability for injuries caused by defective sidewalks. It provides:
 

 "The owner or occupant of lands fronting or abutting on any street, highway, traveled road, public lane, alley or square, shall make, maintain and repair the sidewalk adjoining his lands and shall keep such sidewalk and the gutter free and clear of and from snow, ice and all other obstructions. Such owner or occupant and each of them, shall be liable for any injury or damage by reason of omission, failure or negligence to make, maintain or repair such sidewalk.”
 

 Section 11 (1) of the former City Home Rule Law was amended in 1960 to prohibit municipalities from transferring liability to property owners. The amendment provided that "no city shall have the power to adopt local laws transferring to abutting property owners its liability for failure to maintain its sidewalks and gutters in a reasonably safe condition” (L 1960, ch 1080). The effect of this amendment was to eliminate the powers of cities to adopt local laws, similar to Long Beach City Code § 256, transferring its liability to abutting property owners.
 

 In 1963, the Legislature repealed the City Home Rule Law. Within the same year, the Legislature enacted the Municipal Home Rule Law (L 1963, ch 843) which replaced the repealed City Home Rule Law. The 1960 amendment to the former City Home Rule Law, prohibiting cities from transferring liability to abutting property owners for failure to maintain sidewalks, was not incorporated into the amended Municipal Home Rule Law. Section 11 (1) (j) of the Municipal Home Rule Law provides:
 

 "1. Notwithstanding any provision of this chapter, the legislative body shall not be deemed authorized by this chapter to adopt a local law
 
 which supersedes a state statute,
 
 if such local law: * * *
 

 "j. In the case of a city, transfers to abutting property owners its liability for failure to maintain its sidewalks and gutters in a reasonably safe condition.” (Emphasis added.)
 

 Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the
 
 *453
 
 municipality and not the abutting landowner
 
 (City of Rochester v Campbell,
 
 123 NY 405;
 
 Roark v Hunting,
 
 24 NY2d 470, 475). There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. Liability to abutting landowners will generally be imposed where the sidewalk was constructed in a special manner for the benefit of the abutting owner
 
 (Clifford v Dam,
 
 81 NY 52), where the abutting owner affirmatively caused the defect
 
 (Colson v Wood Realty Co.,
 
 39 AD2d 511, 512), where the abutting landowner negligently constructed or repaired the sidewalk
 
 (id.)
 
 and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty
 
 (Willis v Parker,
 
 225 NY 159).
 

 In
 
 Rooney v City of Long Beach (supra)
 
 the Appellate Division concluded that Municipal Home Rule Law § 11 (1) (j) invalidated section 256 of the Long Beach City Code and precluded a city from transferring its liability to abutting landowners. Appellant Rooney sustained injuries when she tripped over a curb stop (water valve) which was 2
 
 1h
 
 inches above the sidewalk level. Rooney sued the owner of the property abutting the sidewalk, the City of Long Beach and the adjacent property owner who benefited from the curb stop. The City was found liable because it created the defective condition, either directly, or indirectly through an independent contractor. The adjacent property owner was found liable because he benefited from the curb stop. The abutting property owner, however, was not found liable because she did not create the condition, nor did she benefit from the water valve.
 

 The Court stated that the 1960 amendment to the City Home Rule Law (L 1960, ch 1080), which prohibited cities from transferring liability to abutting property owners for failure to maintain sidewalks, invalidated section 256 of the City’s Code purporting to transfer such liability to abutting property owners. The Court further stated that the provisions of the amended City Home Rule Law were contained in the new Municipal Home Rule Law § 11 (1) (j) and were designed "to announce a new public policy of this State which is diametrically opposed to such transfers of liability” (42 AD2d, at 39). Thus, the Court concluded that although the Municipal Home Rule Law "is couched only in terms of conflict with statutory law, * * * the fact that the Legislature may have thought in 1964 that the source of this doctrine was statutory does not militate
 
 *454
 
 against our giving it an interpretation which saves it from being meaningless”
 
 (id.,
 
 at 38). Therefore, according to the
 
 Rooney
 
 Court, any conflicting local law was superseded by the State law.
 

 The Court in
 
 Rooney
 
 misinterpreted the effect of section 11 of the Municipal Home Rule Law. Section 11 of the Municipal Home Rule Law plainly restricts the adoption of local laws which would supersede State statute. On its face, section 11 (1) (j) does not expressly prohibit localities from enacting statutes which transfer liability to property owners for injuries caused by defective sidewalks unless a contrary State statute exists. Further, the local statute here, section 256 of the Long Beach City Code, does not supersede a State statute. No other State statute, aside from Municipal Home Rule Law § 11 (1) (j), is involved in this action and Municipal Home Rule Law § 11 (1) (j) does not prohibit the transfer of a locality’s liability to abutting property owners for injuries sustained due to defective sidewalks.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and respondent’s motion for summary judgment denied.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
 

 Order reversed, etc.
 

 [1]
 

 . Theresa Giunta died prior to commencement of the instant lawsuit and is not a party hereto.
 

 [2]
 

 . Appellant Mary Hausser seeks to recover for personal injury and loss of earnings and Henry Hausser seeks to recover loss of companionship and consortium.
 

 [3]
 

 . Appellants maintain that respondent had notice of the hazardous condition and was negligent in failing to maintain and repair that portion of the sidewalk abutting his property. Appellants claim that they offered to repair the broken sidewalk prior to the incident but respondent declined the offer. Respondent denies that appellants ever offered to repair the sidewalk.