■ NICOLE PALAZZO et al., Appellants, v CITY OF NEW ROCHELLE, Defendant, and JULIUS OZICK, Respondent. [654 NYS2d 612] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ingrassia, J.), dated January 22, 1996, which granted the motion of the defendant Julius Ozick for summary judgment dismissing the complaint and any cross claims insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The infant plaintiff was injured when she fell off of her bicycle on a public sidewalk abutting the residential property of the defendant Julius Ozick. The plaintiffs subsequently commenced this action against the City of New Rochelle and Ozick, claiming that the defendants negligently maintained the sidewalk. We conclude that the Supreme Court properly granted Ozick's motion for summary judgment dismissing the complaint and any cross claims insofar as asserted against him.

Generally, liability for injuries sustained as a result of defects on a public sidewalk is placed on the municipality and not on the abutting landowner. However, the abutting landowner may be held liable where the sidewalk was constructed in a special manner for the landowner's use, where the abutting landowner affirmatively created the defect or negligently repaired the sidewalk, or where a local statute charges an abutting landowner with the duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty (*see, Hausser v Giunta,* 88 NY2d 449, 452-453; *Parros v Assad,* 212 AD2d 520; *Davi v Alhamidy,* 207 AD2d 859).

Here, no claim was made by the plaintiffs that the sidewalk was constructed in a special manner for Ozick's use. In addition, no statutory liability may be imposed upon Ozick since New Rochelle Charter and Code § 197, which places a duty on

abutting landowners to maintain and repair sidewalks, does not expressly impose tort liability for the breach of that duty (*see, Bloch v Potter,* 204 AD2d 672; *Parker v Singer,* 202 AD2d 409).

The plaintiffs contend that Ozick, the City, or both parties negligently repaired the sidewalk where the accident occurred, thus affirmatively creating a dangerous condition. However, in support of his motion for summary judgment, Ozick submitted an affidavit in which he denied ever making any repairs to the sidewalk or receiving notification from the City that he was required to do so. Although the plaintiffs' expert concluded, after examining photographs of the sidewalk, that it had been improperly repaired with a patching compound, the plaintiffs failed to submit any evidentiary proof as to when the repair was made or that Ozick, who owned the property, was responsible for the repair. The Supreme Court properly concluded that the plaintiffs' conjecture that Ozick was responsible was insufficient to defeat his motion for summary judgment (*see, e.g., Davi v Alhamidy, supra; see also, O'Hanlon v Weinbach,* 234 AD2d 436; *Frank v City of New York,* 211 AD2d 478). O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.