■ IRENE VERDES et al., Respondents, v BROOKLYN UNION GAS COMPANY, Appellant, et al., Defendants. [677 NYS2d 168] —In an action to recover damages for personal injuries, etc., the defendant Brooklyn Union Gas Company appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated July 23, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Irene Verdes claims that she tripped and fell in

an excavated area surrounding a gas valve box belonging to the defendant Brooklyn Union Gas Company (hereinafter Brooklyn Union). Brooklyn Union concedes that, two years prior to the incident, it made repairs at a location on the south side of the road on the same block where the accident occurred. However, it denies that it made repairs at the accident site, which, according to the plaintiffs' bill of particulars, is on the north side of the road.

The plaintiffs failed to establish either that Brooklyn Union created the defect by negligently performing repairs that caused the injured plaintiff's accident, or that the accident location was constructed in a special manner for its benefit and was a dangerous and defective condition, and that Brooklyn Union knew or should have known of that condition (*see, Hand v Stanper Food Corp.*, 250 AD2d 812; *Kobet v Consolidated Edison Co.*, 176 AD2d 785; *Trustees of Vil. of Canandaigua v Foster*, 156 NY 354, 359). The plaintiffs' mere speculation that Brooklyn Union performed repairs surrounding the gas valve box cannot overcome the evidence by Brooklyn Union that it did not perform such repairs (*see, Palazzo v City of New Rochelle*, 236 AD2d 528). Additionally, the plaintiffs' evidence that the defect was located near the gas valve cap does not establish that the defect was located in a roadbed area that was constructed for Brooklyn Union's special benefit (*see, Gordon v City of New York*, 57 AD2d 818). Even assuming that Brooklyn Union violated the regulations cited by the plaintiffs, it is clear that such violations were not a proximate cause of the injured plaintiff's injury. Brooklyn Union was therefore entitled to summary judgment dismissing the complaint and any cross claims insofar as asserted against it. Miller, J. P., Sullivan, Friedmann and McGinity, JJ., concur.