■ ANNE D. CAPOBIANCO et al., Respondents, v FRANK MARI, JR., et al., Appellants, and TOWN OF NORTH HEMPSTEAD, Respondent. [699 NYS2d 487] —In an action to recover damages for personal injuries, etc., the defendants Frank Mari, Jr., and Mildred Contino Mari appeal from an order of the Supreme Court, Nassau County (Davis, J.), entered December 16, 1998, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

Generally, liability for injuries sustained as a result of negligent maintenance of, or dangerous and defective conditions on, a public sidewalk is placed on the municipality and not the abutting landowner (*see, Hausser v Giunta,* 88 NY2d 449; *Roark v Hunting,* 24 NY2d 470, 475). However, the abutting landowner may be held liable where it used the sidewalk in a special manner for its benefit, where the landowner affirmatively caused the defect or negligently constructed or repaired the sidewalk, or where a local statute or ordinance expressly obligates the landowner to maintain and repair the sidewalk and imposes liability for injuries resulting from the

breach of that duty (*see, Hausser v Giunta, supra,* at 452-453; *O'Hanlon v Weinbach,* 234 AD2d 436; *Hinkley v City of New York,* 225 AD2d 665; *Rosales v City of New York,* 221 AD2d 329).

Here, there is no evidence in the record that the appellants, the abutting landowners, repaired the allegedly defective sidewalk. The appellants submitted affidavits denying that they made any repairs to the sidewalk. The plaintiffs' mere speculation and conjecture that the appellants may have made a repair to the sidewalk before the accident is insufficient to defeat the motion for summary judgment (*see, Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552; *Palazzo v City of New Rochelle,* 236 AD2d 528). Furthermore, the plaintiffs' evidence that a portion of the sidewalk was contiguous to a private walk owned by the appellants is insufficient to establish that the sidewalk was constructed in a special manner for the appellants' benefit (*see, Verdes v Brooklyn Union Gas Co., supra; Hand v Stanper Food Corp.,* 250 AD2d 812; *Kobet v Consolidated Edison Co.,* 176 AD2d 785). O'Brien, J. P., Sullivan, Goldstein and Feuerstein, JJ., concur.