■ JOHN RITTS, Respondent, v MARIA TESLENKO, Appellant. [715 NYS2d 418] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (S. Leone, J.), dated November 30, 1999, which denied her motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court, dated April 5, 2000, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated November 30, 1999, is dismissed, as that order was superseded by the order dated April 5, 2000, made upon reargument; and it is further,

Ordered that the order dated April 5, 2000, is reversed insofar as reviewed, on the law, with costs, upon reargument, the order dated November 30, 1999, is vacated, the motion is granted, and the complaint is dismissed.

The owner or lessee of land abutting a public sidewalk owes no duty to the public to keep the sidewalk in a safe condition (*see, Hausser v Giunta,* 88 NY2d 449; *Roark v Hunting,* 24 NY2d 470, 475). However, the abutting landowner or lessee may be held liable where, *inter alia,* she creates a defective condition in the sidewalk (*see, Hausser v Giunta, supra,* at 452-453; *Padawer v City of New York,* 269 AD2d 509; *Capobianco v Mari,* 267 AD2d 191).

The plaintiff contends that the defendant negligently

repaired the sidewalk where the accident occurred, thus creating a dangerous condition. In support of her motion for summary judgment, the defendant submitted her deposition testimony in which she denied making any repairs to the sidewalk, or receiving notification from the City of New York that she was required to do so. Although the plaintiff submitted photographs allegedly showing that the sidewalk had been improperly repaired with a patching compound, he failed to submit any evidentiary proof as to when the repair was made, or that the defendant made it (*see, Ribacoff v City of Mount Vernon,* 251 AD2d 482, 483; *Palazzo v City of New Rochelle,* 236 AD2d 528, 529). Moreover, the unsworn report of the plaintiff's engineering expert did not constitute competent evidence (*see,* CPLR 2106; *Woodard v City of New York,* 262 AD2d 405; *Rameau v King,* 245 AD2d 557). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.