■ TINA SCHEER et al., Respondents, v GLORIA ROTH, Individually and as Administrator of the Estate of CHARLES ROTH, Deceased, Appellant, and CITY OF NEW YORK, Respondent. [720 NYS2d 541] —In an action to recover damages for personal injuries, etc., the defendant Gloria Roth, individually and as administrator of the estate of Charles Roth, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 10, 1999, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her in both capacities.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, and the complaint and all cross claims insofar as asserted against the appellant are dismissed.

Liability for injuries sustained as a result of a dangerous and defective condition on a public sidewalk is ordinarily placed on the municipality and not the abutting landowner (*see, Capobianco v Mari,* 267 AD2d 191). However, the abutting landowner may be held liable if he or she created the defective condition or made special use of the sidewalk, or when a local statute or ordinance expressly obligates the landowner to maintain the sidewalk (*see, Quinn v City of New York,* 271 AD2d 515).

There is no evidence that the appellant, the abutting landowner, made any repairs to the allegedly defective sidewalk or otherwise caused the defective condition. The plaintiffs' mere

speculation that the appellant may have made a repair to the sidewalk at some point long before the accident is insufficient to defeat the appellant's prima facie showing of entitlement to summary judgment (*see, Pizzi v Bradlee's Div. of Stop & Shop,* 172 AD2d 504). Ritter, J. P., Krausman, McGinity and Smith, JJ., concur.