■ JOSEPHINE ROSETTI, Appellant, v CITY OF YONKERS et al., Defendants, and COUNTY OF WESTCHESTER, Respondent. [732 NYS2d 879] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered July 6, 2000, which granted the motion of the defendant County of Westchester for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she allegedly slipped and fell

on a public sidewalk in the City of Yonkers in front of a building which was leased by the defendant County of Westchester (hereinafter the County). An owner of premises that abut a public sidewalk is not liable to a pedestrian injured as a result of a defect in the sidewalk unless the owner affirmatively caused the defect or negligently constructed or repaired the sidewalk, or caused the defect to occur because of some special use, or unless a statute or ordinance placed an obligation on the owner to maintain the sidewalk and expressly makes the owner liable for injuries occasioned by the failure to perform that duty (*see, Hausser v Giunta,* 88 NY2d 449, 452-453; *Capobianco v Mari,* 267 AD2d 191). Similarly, unless one of the above exceptions has been established, a tenant of premises that abut a public sidewalk is not liable to a pedestrian injured as a result of a defect in the sidewalk (*see, Strauss v Tam Tam,* 231 AD2d 564, 565).

The County established its entitlement to summary judgment dismissing the complaint insofar as asserted against it as a matter of law. In opposition, the plaintiff failed to present evidence sufficient to raise any triable issues of fact as to the County's liability for her injury (*see, Capobianco v Mari, supra*). O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.