■ PHYLLIS ZITO, Appellant, v CITY OF NEW YORK, Defendant, and MAY DETOMMASO et al., Respondents. [739 NYS2d 465] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 27, 2001, which granted the separate motions of the defendants May DeTommaso and Vito DeTommaso and the defendants Michael Comito and Michael Comito's Meat Market for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeal is dismissed insofar as asserted against the defendant Vito DeTommaso on the ground that the order is a nullity as against him since he died before the commencement of this action, the provision of the order which granted that branch of the motion purportedly made by the deceased defendant is vacated, and the complaint insofar as purportedly asserted against that defendant is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the branch of the motion made by the defendant May DeTommaso and the motion of the defendants Michael Comito and Michael Comito's Meat Market are denied, and the complaint and cross claims insofar as asserted against those defendants are reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

An owner or tenant who negligently repairs a municipal sidewalk may be liable to a person who is injured as a result of that negligent repair (*see Mendoza v City of New York,* 205 AD2d 741; *Botfeld v City of New York,* 162 AD2d 652; *Tambaro*

*v City of New York,* 140 AD2d 331). The deposition testimony of the defendant Michael Comito, the tenant who operated a meat market on the ground floor of the premises, raises a triable issue of fact as to whether he or the owner negligently repaired the sidewalk five years before the accident. Accordingly, the Supreme Court erred in granting the respective motions for summary judgment.

The defendant Vito DeTommaso died before the action was commenced. Accordingly, the portion of the order relating to him must be vacated and the appeal therefrom must be dismissed (*see Golia v Golia,* 286 AD2d 368; *Bluestein v City of New York,* 280 AD2d 506). Florio, J.P., O'Brien, H. Miller and Townes, JJ., concur.