■ RUTH KLINE et al., Respondents, v CITY OF NEW YORK, Respondent, and DUNKIN DONUTS et al., Appellants. [744 NYS2d 462] —In an action to recover damages for personal injuries, etc., the defendants Dunkin Donuts, Delphi Donuts Corp., doing business as Dunkin Donuts, and Arma Andon appeal from an order of the Supreme Court, Queens County (Flug, J.), dated November 26, 2001, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

Injured plaintiff Ruth Kline allegedly sustained personal injuries when she tripped and fell on a sidewalk located adjacent to the appellants' property. Contrary to the Supreme Court's determination, the appellants are entitled to summary judgment dismissing the complaint and cross claims insofar as asserted against them. "An owner of premises that abut a public sidewalk is not liable to a pedestrian injured as a result of a defect in the sidewalk unless the owner affirmatively caused the defect or negligently constructed or repaired the sidewalk, or caused the defect to occur because of some special use, or unless a statute or ordinance placed an obligation on the owner to maintain the sidewalk and expressly makes the owner liable for injuries occasioned by the failure to perform that duty" (*Rosetti v City of Yonkers,* 288 AD2d 288, 289; *see Hausser v Giunta,* 88 NY2d 449, 452-453; *Sverdlin v Gruber,* 289 AD2d 475, 476; *Reinoso v City of New York,* 288 AD2d 455; *Kent v City of New York,* 284 AD2d 375, 376). As none of the above-mentioned exceptions is applicable in the instant case, the appellants are entitled to summary judgment. The Supreme Court's determination that there was a special use of the sidewalk by the appellants is not supported by evidence in the record. Florio, J.P., Smith, Friedmann and Townes, JJ., concur.