(October 17, 2002)

MOLLIE GROSSMAN, Respondent, v AMALGAMATED HOUSING CORPORATION, Appellant, et al., Defendant. [750 NYS2d 1] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered June 3, 2001, which denied the motion of defendant Amalgamated Housing Corporation for summary judgment dismissing the complaint as against it, affirmed, without costs.

Defendant Amalgamated Housing Corporation owns a complex of residential buildings in the Bronx, including the building at 92 Van Cortlandt Park South, where plaintiff has lived for approximately 30 years. On November 13, 1998, plaintiff tripped and fell on a raised and cracked portion of a public sidewalk abutting her building's premises.

Plaintiff brought suit against Amalgamated and the City of New York in two separate actions, which were consolidated. Amalgamated moved for summary judgment on the ground that the accident occurred on a public sidewalk and that Amalgamated did not create the defect nor did it negligently repair, or derive a special use from, the sidewalk.

In support of its motion, Amalgamated submitted testimony of one of its security guards, whose responsibilities included watching for and reporting "car thieves, vandalism, [and] suspicious people," that he had not observed Amalgamated employees making repairs to sidewalks within or around Amalgamated's housing complex. An accident report, prepared by the security guard on the date of plaintiff's fall, noted that the sidewalk where she fell was uneven. In addition, Amalgamated submitted an affidavit of its assistant service manager, who stated that a search of the company's records had not revealed a record of any sidewalk repair by Amalgamated or a notice of violation from New York City.

In opposition, plaintiff submitted, inter alia, photographs of the sidewalk, which she asserts show the defect and a prior repair, and her own affidavit in which she states that, over the course of the years that she has lived in Amalgamated's building complex, she has observed Amalgamated employees making repairs to the sidewalks adjacent to the building complex.

A landowner is not liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's property unless the landowner caused the defective condition through negligent construction or repair, or as a result of some special use, or if a statute imposes the obligation to maintain the sidewalk on the abutting property owner (see Hausser v Giunta, 88 NY2d 449; Bloch v Potter, 204 AD2d 672). Plaintiff bases her claim against Amalgamated on her assertion that Amalgamated negligently repaired the sidewalk, thereby causing the defect, which resulted in her fall and subsequent injuries.

Supreme Court found that plaintiff had adduced sufficient evidence to establish the existence of a material issue of fact as to whether Amalgamated had negligently repaired the sidewalk and, on that basis, denied Amalgamated's summary judgment motion.

As Supreme Court noted, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320). Once that initial burden has been satisfied, the burden of production shifts to the party opposing the motion to produce sufficient evidence of the existence of a material issue of fact requiring a trial of the action (*id.*).

The court's role, in passing on a motion for summary judgment, is solely to determine if any triable issues exist, not to determine the merits of any such issues (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395). Because summary judgment is a drastic measure that deprives a party of her day in court, it may be granted only if no genuine triable issue of fact is presented (*see Ugarriza v Schmieder*, 46 NY2d 471). If there is any doubt as to the existence of a triable issue, the motion should be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223; *Stone v Goodson*, 8 NY2d 8).

Amalgamated may have met its initial burden by tendering evidence that it did not repair the sidewalk, although its evidence—essentially a single self-serving statement by one of its assistant managers that Amalgamated had no record of any sidewalk repairs or City notices of violations—was not conclusive. Plaintiff's statement in her affidavit that she had observed appellant's employees repairing public walkways adjacent to Amalgamated's property adequately met her burden of production and raised an issue of fact as to whether the defect in the sidewalk was created by appellant's negligent repair so as to defeat the motion for summary judgment and allow the case, including, if appropriate, additional discovery, to proceed (*see Hausser v Giunta*, 88 NY2d 449).

The dissent's assertion that "there is absolutely no evidence in the record that * * * Amalgamated * * * repaired the allegedly defective sidewalk," completely discounts plaintiff's affidavit and the photographs, which suggest that a repair was undertaken, and crosses the line between issue identification and issue determination. Plaintiff's statement that she had previously observed Amalgamated employees making repairs in adjacent public sidewalks is not "conclusory," as the dissent labels it, but does suggest the possibility that Amalgamated may have undertaken a repair of the sidewalk on which plaintiff tripped. Whether plaintiff could prevail at a trial based on that evidence alone is not the issue. The only question before us is whether Amalgamated has definitively demonstrated the

absence of any disputed issue of fact, not whether plaintiff has proven her claim. On this record, it cannot be said that Amalgamated met its burden of persuasion that no such issue exists. Concur—Williams, P.J., Nardelli, Saxe and Rosenberger, JJ.

Marlow, J., dissents in a memorandum as follows: For approximately the past 30 years, plaintiff has been a resident of certain premises located at 92 Van Cortlandt Park South (the premises), which are owned by defendant-appellant Amalgamated Housing Corporation (Amalgamated). Plaintiff claims that on November 13, 1998, she tripped and fell on a cracked and uneven portion of the sidewalk adjacent to the premises. Plaintiff commenced separate actions against Amalgamated and the City of New York which were eventually consolidated.

Amalgamated moved for summary judgment dismissing the complaint and any cross claims asserted against it. In support of the motion, Amalgamated submitted the deposition testimony of its security guard, who testified that for the seven years preceding plaintiff's claim, he did not observe any Amalgamated employees making repairs to the sidewalk areas of the premises or engage in snow removal in the area where plaintiff claims she fell. The security guard also prepared a contemporaneous incident report. In further support of its motion, Amalgamated submitted an affidavit of its assistant service manager. She averred that she had conducted a search of Amalgamated's records for the prior three years and found no record of any sidewalk repairs or City of New York notices of violations covering the area where plaintiff claims she fell.

In opposition, plaintiff submitted, inter alia, her own affidavit in which she stated that during the approximately 30 years she lived at the premises "there have been occasions when I observed employees of the defendant, Amalgamated, making repairs to the sidewalks adjacent to the complex and said repairs looked like the same as the particular defect on which I fell." Plaintiff also submitted copies of photographs of the sidewalk where she fell which purportedly showed that repairs had been made. Furthermore, in her deposition testimony, plaintiff stated that she saw no repairs being made to the subject area for the entire month preceding this incident.

The Supreme Court, although characterizing the issue presented, i.e., whether Amalgamated negligently repaired the sidewalk, as "a close one," nevertheless found that plaintiff sustained her burden in opposing summary judgment, a conclusion with which the majority of this Court agrees. I respectfully disagree.

Generally, the municipality, and not the abutting landowner, is liable for injuries sustained as the result of negligent maintenance of, or the existence of dangerous and defective conditions on, a public sidewalk. On the other hand, the abutting landowner may be held liable where it, inter alia, affirmatively caused the defect or negligently constructed or repaired the sidewalk (see Hausser v Giunta, 88 NY2d 449, 452-53). Here, there is absolutely no evidence in the record that defendant Amalgamated, the abutting landowner, repaired the allegedly defective sidewalk. Neither plaintiff's vague affidavit nor her deposition testimony raises a triable issue whether Amalgamated created the defective condition on the sidewalk by inadequate repairs. Notably, plaintiff's affidavit does not state when these alleged repairs took place, nor does it state that plaintiff observed Amalgamated repairing the particular area of the sidewalk where she claims she fell, nor does it describe what plaintiff means by "repairs." Thus, plaintiff's wholly conclusory assertion, quoted above from her affidavit, that Amalgamated created the defect in the sidewalk is devoid of any evidentiary facts, and thus, insufficient to defeat Amalgamated's motion (see Smith v Johnson Prods., 95 AD2d 675, 676; see also Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255, 259 [bare conclusory and speculative allegations are insufficient to defeat summary judgment]). Though not dispositive, I note that to the limited extent plaintiff herself stated no repairs were made to the area where she allegedly fell during the immediately preceding month, she supports Amalgamated's denial of making repairs.

Similarly, the copies of photographs fail to raise a triable issue of fact. These copies, as reproduced in the record, do not depict repairs to the cracked and uneven sidewalk. However, assuming, as plaintiff contends, that the pictures do portray negligent repairs, plaintiff has wholly failed to connect Amalgamated with those repairs. Indeed, it is well settled that "only the existence of a bona fide issue raised by evidentiary facts and not one based on conclusory or irrelevant allegations will suffice to defeat summary judgment" (Rotuba Extruders v Ceppos, 46 NY2d 223, 231; see also, Zuckerman v City of New York, 49 NY2d 557, 562 [mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient to defeat summary judgment]). Accordingly, Amalgamated's motion should have been granted.