■ JENNY CORDOVA, Respondent, v WILSON VINUEZA et al., Appellants. [798 NYS2d 519]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated August 20, 2004, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she tripped and fell over two small metal protrusions in a sidewalk abutting the defendants' premises. Generally, liability for injuries sustained as a result of negligent maintenance of, or dangerous and defective conditions on, a public sidewalk is placed on the municipality and not the abutting landowner (*see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]). However, the abutting landowner may be found liable where, inter alia, the sidewalk was

constructed in a special manner for the abutting landowner's benefit or where the abutting landowner affirmatively caused the defect or negligently constructed or repaired the sidewalk (*see Hausser v Giunta, supra*; *Rosetti v City of Yonkers,* 288 AD2d 288, 289 [2001]; *Capobianco v Mari,* 267 AD2d 191 [1999]).

The defendants submitted admissible evidence establishing that they did not cause or create the defect or did not make special use of the sidewalk where the plaintiff allegedly tripped and fell. The defendants' evidence also established that the plaintiff fell more than one foot away from the fenced-in area of their premises. The burden shifted to the plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact which requires a trial of the action (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiff produced only an attorney's affirmation offering speculation unsupported by any evidence that the metal protrusions were from a pre-existing fence that was negligently removed from the defendants' premises. This was insufficient to raise a triable issue of fact in the face of the defendants' denial that they ever moved the fence or gate (*see Scheer v Roth,* 280 AD2d 595 [2001]; *Ritts v Teslenko,* 276 AD2d 768, 769 [2000]; *Capobianco v Mari, supra* at 192; *Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552, 553 [1998]; *Palazzo v City of New Rochelle,* 236 AD2d 528, 529 [1997]). Moreover, the plaintiff produced no evidence that the area of the sidewalk where the plaintiff fell was constructed in a special manner for the defendants' benefit (*see Capobianco v Mari, supra; Verdes v Brooklyn Union Gas Co., supra*). Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.