■ MARK IMMERMAN et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant, and KINGS VILLAGE CORP., Respondent. [804 NYS2d 90]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated October 21, 2004, as granted that branch of the motion of the defendant Kings Village Corp. which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant City of New York cross-appeals from the same order which granted the motion of the defendant Kings Village Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the cross appeal by the defendant City of New York from so much of the order as granted that branch of the motion of the defendant Kings Village Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the City of New York is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the motion is denied, and the complaint and all cross claims insofar as asserted against Kings Village Corp. are reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the defendant City of New York, payable by the defendant Kings Village Corp.

Generally, liability for injuries sustained as a result of a dangerous or defective condition on public sidewalks is placed on the municipality and not on the owner or occupier of the abutting land (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Cordova v Vinueza*, 20 AD3d 445 [2005]; *Nichilo v B.F.N. Realty Assoc., Inc.*, 19 AD3d 666 [2005]). However, exceptions to

this general rule exist, and liability may be imposed upon an abutting landowner where, inter alia, the abutting landowner created the hazardous condition by negligently repairing the sidewalk (*see Hausser v Giunta, supra* at 453; *Cordova v Vinueza, supra*). Here, the evidentiary proof that the defendant landowner Kings Village Corp. submitted in support of its motion was insufficient to establish that it neither repaired nor hired anyone to repair the portion of the sidewalk where the injured plaintiff's accident allegedly occurred. Accordingly, Kings Village Corp. failed to establish its prima facie entitlement to judgment as a matter of law and its motion for summary judgment should have been denied. Cozier, J.P., Krausman, Goldstein and Lunn, JJ., concur.