■ OFELIA RENDON, Appellant, v CASTLE REALTY et al., Respondents, et al., Defendant. [813 NYS2d 479]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Elliot, J.), dated August 17, 2004, as granted the motion of the defendants Castle Realty and New Atlantis Management Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped on a crack in a public sidewalk abutting property owned by the defendant Castle Realty and managed by the defendant New Atlantis Management Corp. (hereinafter the defendants). Under the law in effect at the time of the accident, the "owner or lessee of land abutting a public sidewalk owe[d] no duty to the public to keep the sidewalk in a safe condition" (*Ritts v Teslenko,* 276 AD2d 768 [2000], citing *Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]). As a general rule, a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting its premises, unless the sidewalk was constructed in a special manner for the landowner, or the landowner affirmatively caused the defect or negligently constructed or repaired the sidewalk (*see Hausser v Giunta, supra; Cordova v Vinueza,* 20 AD3d 445 [2005]; *Sammarco v City of New York,* 16 AD3d 657, 658 [2005]).

The defendants met their initial burden on their motion for

summary judgment. The affidavit of the building superintendent established that the defendants did not create the defect or make any repairs to the sidewalk and that there were no records of any repairs having been made (*see Capobianco v Mari,* 267 AD2d 191, 192 [1999]; *Rosales v City of New York,* 221 AD2d 329 [1995]).

In opposition to the motion, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]; *Gaines v Shell-Mar Foods, Inc.,* 21 AD3d 986, 987 [2005]). The plaintiff's speculation that other documentation of repairs might exist did not satisfy her burden, since a motion for summary judgment may not be defeated by a response based on "surmise, conjecture and suspicion" (*Shapiro v Health Ins. Plan of Greater N.Y.,* 7 NY2d 56, 63 [1959]; *see Cordova v Vinueza, supra* at 446). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.