■ MARY NILSEN, Respondent, v CITY OF NEW YORK et al., Defendants, and OSAMA UNNAB et al., Appellants. [812 NYS2d 377]—

In an action to recover damages for personal injuries, defendants Osama Unnab and Tank Innab appeal from so much of an order of the Supreme Court, Kings County (Solomon J.), dated January 14, 2005, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff allegedly tripped over a crack in a public sidewalk abutting a fenced-in parking lot allegedly owned or leased by the appellants. The appellants denied ownership of the parking lot. Under the law in effect at the time of the accident, the "owner or lessee of land abutting a public sidewalk owe[d] no duty to the public to keep the sidewalk in a safe condition" (*Ritts v Teslenko,* 276 AD2d 768 [2000]; *see Hausser v Giunta,* 88 NY2d 449 [1996]). As a general rule, a landowner would "not be liable to a pedestrian injured by a defect in a public sidewalk abutting its premises" unless the sidewalk was "constructed in a special manner for the benefit of the abutting

landowner," or the landowner affirmatively caused the defect or "negligently constructed or repaired the sidewalk" (*see Hausser v Giunta, supra* at 452-453; *Cordova v Vinueza,* 20 AD3d 445, 446 [2005]; *Sammarco v City of New York,* 16 AD3d 657, 658 [2005]).

Here, assuming that the appellants owned or controlled the parking lot abutting the defective sidewalk, on their motion they met their prima facie burden establishing their entitlement to judgment as a matter of law. They submitted evidence in admissible form, including an affidavit, demonstrating that neither of them created the defect or caused any repairs to be made to the sidewalk, and that they did not make any special use of the sidewalk (*see Capobianco v Mari,* 267 AD2d 191, 192 [1999]; *Bachman v Town of N. Hempstead,* 245 AD2d 327, 328 [1997]; *Rosales v City of New York,* 221 AD2d 329 [1995]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562-563 [1980]) by submitting any evidence disputing the appellants' showing, except on the issue of ownership and control of the parking lot (*see Cordova v Vinueza, supra; Capobianco v Mari, supra*). Nor did the plaintiff demonstrate a likelihood that facts essential to justify opposition to the motion might exist, but could not be stated without additional discovery (*see* CPLR 3212 [f]; *Neryaev v Solon,* 6 AD3d 510, 510-511 [2004]). Thus, the Supreme Court should have granted the appellants' motion for summary judgment. Crane, J.P., Krausman, Luciano and Rivera, JJ., concur.