(May 9, 2006)

■ TAMILLA ALEKPEROVA, Respondent, v MIKHAIL YUGER et al., Appellants. [815 NYS2d 192]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hubsher, J.), dated October 19, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Cordova v Vinueza*, 20 AD3d 445 [2005]; *Capobianco v Mari*, 267 AD2d 191 [1999]). However, an abutting landowner may be held liable to a pedestrian injured by a defect in a public sidewalk where, inter alia, the landowner negligently constructed or repaired the sidewalk or otherwise created the defective condition, or caused the defect to occur by some special use of the sidewalk (*see Hausser v Giunta, supra; Cannizzaro v Simco Mgt. Co.*, 26 AD3d 401 [2006]; *Cordova v Vinueza, supra; Angulo v City of New York*, 5 AD3d 707 [2004]).

The defendant landowners made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that they performed no repairs to the public sidewalk abutting their property, and did not use the sidewalk for a special purpose (*see Angulo v City of New York, supra; Breheny v City of New York*, 299 AD2d 385 [2002]; *Ritts v Teslenko*, 276 AD2d 768 [2000]). In opposition to the motion, the plaintiff relied upon the affidavit of an expert who opined that the subject defect had been caused by "homemade repairs." However, the plaintiff offered no evidence demonstrating when these alleged repairs were made, or that the defendants made them. Under these circumstances, the expert's affidavit was insufficient to raise a triable issue of fact (*see Patti v Town of N. Hempstead*, 23 AD3d 362 [2005]; *Angulo v City of New York, supra; Ritts v Teslenko, supra; Ribacoff v City of Mount Vernon*, 251 AD2d 482 [1998]; *Palazzo v City of New Rochelle*, 236 AD2d 528 [1997]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment. Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.