■ Constance R. Furey et al., Appellants, v Sayville Union Free School District et al., Respondents. [828 NYS2d 168]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by a stipulation dated March 17, 2006, from so much of a judgment of the Supreme Court, Suffolk County (Molia, J.), entered June 2, 2005, as, upon an order of the same court dated February 28, 2005 granting the motion of the defendant Sayville Union Free School District for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against the plaintiffs.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff Constance Furey alleged that she tripped and fell over a 1½-inch height differential between two slabs of a public sidewalk in front of a school building owned by the defendant Sayville Union Free School District (hereinafter the School District). "As a general rule, a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting its premises, unless the sidewalk was constructed in a special manner for the landowner, or the landowner affirmatively caused the defect or negligently constructed or repaired the sidewalk" (*Rendon v Castle Realty*, 28 AD3d 532 [2006]; *see Hausser v Giunta*, 88 NY2d 449 [1996]; *Cordova v Vinueza*, 20 AD3d 445 [2005]).

The School District met its initial burden in support of its motion for summary judgment by demonstrating that it neither possessed any records of work having been done on the sidewalk during a reasonable period of time preceding the accident nor otherwise created the alleged defect (*see Rendon v Castle Realty, supra; Capobianco v Mari*, 267 AD2d 191 [1999]; *Rosales v City of New York*, 221 AD2d 329 [1995]). In opposition, the plaintiffs failed to raise an issue of fact as to whether the School District caused the defect through negligent construction or repair of the sidewalk, or through a special use (*see Montalvo v Heege*, 301 AD2d 427 [2003]).

Therefore, the Supreme Court properly granted the School District's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Rivera, Santucci and Krausman, JJ., concur.