■ JENNIE BRUNO, Respondent, v CITY OF NEW YORK, Defendant, and ITALIAN RC CHURCH, ST. ROSALIA, Appellant. [829 NYS2d 150]—

In an action to recover damages for personal injuries, St. Rosalia-Regina Pacis Roman Catholic Church, sued herein as Italian RC Church, St. Rosalia, appeals from an order of the Supreme Court, Kings County (Martin, J.), dated November 4, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against the defendant Italian RC Church, St. Rosalia.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendant Italian RC Church, St. Rosalia, is granted.

The plaintiff tripped and fell on an elevated portion of the public sidewalk adjacent to premises owned by St. Rosalia-Regina Pacis Roman Catholic Church, sued herein as Italian RC Church, St. Rosalia (hereinafter the Church). The Supreme Court denied the Church's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner (*see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]; *Cannizzaro v Simco Mgt. Co.,* 26 AD3d 401 [2006]; *Cordova v Vinueza,* 20 AD3d 445 [2005]; *Davies v City of New York,* 18 AD3d 420 [2005]; *Sammarco v City of New York,* 16 AD3d 657, 658 [2005]; *Lehner v Boyle,* 7 AD3d 677 [2004]; *Roman v City of New York,* 6 AD3d 691 [2004]). However, an abutting landowner may be held liable to a pedestrian injured by a defect in a public sidewalk where,

inter alia, the landowner negligently constructed or repaired the sidewalk or otherwise created the defective condition, or caused the defect to occur by some special use of the sidewalk (*see Hausser v Giunta, supra; Cannizzaro v Simco Mgt. Co., supra* at 402; *Cordova v Vinueza, supra* at 445-446; *Jeanty v Benin,* 1 AD3d 566 [2003]; *Ritts v Teslenko,* 276 AD2d 768 [2000]).

Here, the Church made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence that it did not perform any repairs to the public sidewalk abutting its premises, did not create the defective condition, and did not use the sidewalk for a special purpose. In response, the plaintiff failed to demonstrate the existence of a triable factual issue (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Hyland v City of New York,* 32 AD3d 822, 823 [2006]; *Reyes v City of New York,* 29 AD3d 667 [2006]; *Cannizzaro v Simco Mgt. Co., supra*). Accordingly, the Supreme Court should have granted the Church's motion for summary judgment dismissing the complaint insofar as asserted against it. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.