■ Susan B. Ellman, Appellant, v Village of Rhinebeck, Defendant, and Edith Thomas et al., Respondents. [838 NYS2d 641]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 14, 2006, as granted that branch of the motion of the defendant United Smoke Shop which was for summary judgment dismissing the complaint insofar as asserted against it and denied her motion for summary judgment on the issue of liability, and (2) from so much of an order of the same court dated July 6, 2006, as, upon reargument, vacated so much of its prior order as denied that branch of the cross motion of the defendant Edith Thomas which was for summary judgment dismissing the complaint insofar as asserted against her, and granted that branch of the cross motion.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

In August 2001 the plaintiff allegedly sustained injuries when she tripped and fell on a cracked sidewalk in front of the defendant United Smoke Shop (hereinafter United), a store in Rhinebeck. She commenced this action against the Village of Rhinebeck, United, and Edith Thomas, the owner of the building in which United was a tenant.

United moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Thomas cross-moved, among other things, for summary judgment dismissing the complaint insofar as asserted against her, inter alia, on the ground that neither owned the property on which the defective sidewalk was located. The plaintiff thereafter moved for summary judgment on the issue of liability. While United's motion was timely brought within the 120-day deadline of CPLR 3212 (a), Thomas's cross motion was untimely filed, eight days after the deadline, and the plaintiff's motion was filed nearly two months later. In the first order appealed from, the Supreme Court, inter alia, granted United's motion for summary judg-

ment, and denied Thomas's cross motion and the plaintiff's motion. Thereafter, both the plaintiff and Thomas moved, among other things, for leave to reargue. In the second order appealed from, the Supreme Court denied the plaintiff's motion for leave to reargue, but granted that branch of Thomas's motion which was for leave to reargue and, upon reargument, granted that branch of Thomas's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her. The plaintiff appeals from both orders.

In support of its motion for summary judgment dismissing the complaint insofar as asserted against it, United submitted the deposition testimony of its manager, Jay Close, as well as documentary evidence in the form of a lease and letters. As a preliminary matter, the fact that supporting proof was placed before the court by way of an attorney's affidavit annexing deposition testimony and documentary evidence, rather than by affidavits of fact on personal knowledge, did not defeat United's entitlement to summary judgment (*see Gaeta v New York News*, 62 NY2d 340, 350 [1984]; *Blazer v Tri-County Ambulette Serv.*, 285 AD2d 575, 576 [2001]). Further, Close's deposition testimony and the documentary evidence submitted demonstrated United's entitlement to judgment as a matter of law. In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in considering that branch of Thomas's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her, even though it was filed eight days after the 120-day deadline of CPLR 3212 (a), and was therefore untimely (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648 [2004]). "[A]n untimely motion or cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds [because] the nearly identical nature of the grounds may provide the requisite good cause (*see* CPLR 3212 [a]) to review the untimely motion or cross motion on the merits" (*Grande v Peteroy*, 39 AD3d 590, 591-592 [2007]; *see Bressingham v Jamaica Hosp. Med. Ctr.*, 17 AD3d 496, 497 [2005]; *Boehme v A.P.P.L.E., A Program Planned for Life Enrichment*, 298 AD2d 540 [2002]; *Miranda v Devlin*, 260 AD2d 451 [1999]). "Notably, the court, in the course of deciding the timely motion, is, in any event, empowered to search the record and award summary judgment to a nonmoving party (*see* CPLR 3212 [b])" (*Grande v Peteroy, supra* at 592).

With regard to the merits, Thomas made a prima facie showing demonstrating her entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Although "[l]iability may be imposed on the abutting landowner where the landowner either (a) created the defective condition, (b) voluntarily but negligently made repairs, (c) created the defect through special use, or (d) violated a statute or ordinance which expressly imposes liability on the abutting landowner for failure to repair" (*Flores v Baroudos*, 27 AD3d 517, 517 [2006][internal quotation marks omitted]; *see Farmer v City of New York*, 25 AD3d 649 [2006]), Thomas set forth sufficient evidence showing that none of these bases for the imposition of liability applied to her (*see Hausser v Giunta*, 88 NY2d 449 [1996]; *Cordova v Vinueza*, 20 AD3d 445 [2005]; *Yee v Chang Xin Food Mkt.*, 302 AD2d 518, 519 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra*). Accordingly, upon reargument, the Supreme Court properly granted that branch of Thomas's cross motion which was for summary judgment dismissing the complaint insofar as asserted against her.

In light of our determination, the plaintiff's remaining contention need not be addressed. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.