■ GIOVANNA TIRALONGO et al., Respondents, v CITY OF NEW YORK, Respondent, and MORRIS BENUN et al., Appellants. [840 NYS2d 361]—

In an action to recover damages for personal injuries, etc., the defendant Ronald Benun, as executor of the estate of Sarah Benun, appeals and the defendants Sarah Morris Benun and Morris Benun purportedly appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated December 16, 2005, which denied the motion of the defendant Ronald Benun, as executor of the estate of Sarah Benun, and purportedly of the defendants Sarah Morris Benun and Morris Benun for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the appeals purportedly taken by the defendants Sarah Morris Benun and Morris Benun are dismissed on the ground that the order is a nullity as against those defendants as they died before the order appealed from was made, the portion of the order which denied that branch of the motion purportedly made by the deceased defendants is vacated, and the complaint and all cross claims insofar as asserted against them is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Ronald Benun; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant Morris Benun died before the instant action was commenced. The defendant Sarah Morris Benun died before the order appealed from was issued and before the underlying motion for summary judgment was made. Accordingly, the portion of the order relating to them must be vacated and the appeals purportedly taken by those defendants must be dismissed (*see Zito v City of New York*, 293 AD2d 469, 470 [2002]; *see also Jordan v City of New York*, 23 AD3d 436, 437 [2005]; *Golia v Golia*, 286 AD2d 368, 369 [2001]; *Cooper v Volk*, 157 AD2d 766, 767 [1990]).

"An owner of land does not, solely by reason of being an abutting owner, owe a duty to keep the public sidewalk in a safe condition" (*Flores v Baroudos*, 27 AD3d 517, 517 [2006]; *see Pinn v Baker's Variety*, 32 AD3d 463, 464 [2006]; *Alekperova v Yuger*, 29 AD3d 610, 611 [2006]). "However, exceptions to this general rule exist, and liability may be imposed upon on abutting landowner where, inter alia, the abutting landowner created the hazardous condition by negligently repairing the sidewalk" (*Immerman v City of New York*, 22 AD3d 726, 726-727 [2005]). Here, the proof submitted by the defendant Ronald Benun in support of the motion for summary judgment was insufficient to establish that his parents neither repaired nor hired anyone to repair the portion of the sidewalk where the injured plaintiff's accident allegedly occurred (*see Immerman v City of New York, supra*; *cf. Nilsen v City of New York*, 28 AD3d 625, 626 [2006]; *Rendon v Castle Realty*, 28 AD3d 532, 532-533 [2006]; *Cordova v Vinueza*, 20 AD3d 445, 446 [2005]; *Angulo v City of New York*, 5 AD3d 707, 708 [2004]; *Diaz v Vieni*, 303 AD2d 713, 713-714 [2003]; *Ritts v Teslenko*, 276 AD2d 768, 769 [2000]; *Capobianco v Mari*, 267 AD2d 191, 192 [1999]; *Palazzo v City of New Rochelle*, 236 AD2d 528, 529 [1997]). Accordingly, the Supreme Court properly denied the motion for summary judgment. Crane, J.P., Goldstein, Lifson and Carni, JJ., concur.