■ LESLIE HINES, Respondent, v CITY OF NEW YORK, Respondent, KINGS VILLAGE CORP., Respondent-Appellant, and ZELPHER PEART et al., Appellants-Respondents. [841 NYS2d 374]—

In an action to recover damages for personal injuries, the defendants Zelpher Peart and Edwin W. Peart appeal, and the defendant Kings Village Corp. separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 28, 2006, as denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and granted that branch of the plaintiff's motion which was for leave to file and serve an amended complaint alleging an additional cause of action to recover damages for wrongful death.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying the motion of the defendants Zelpher Peart and Edwin W. Peart for summary judgment

dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting that motion and (2) deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to serve and filed an amended complaint asserting a cause of action to recover damages for wrongful death against the defendants Zelpher Peart and Edwin W. Peart, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants Zelpher Peart and Edwin W. Peart payable by the plaintiff, and one bill of costs is awarded to the plaintiff, payable by the defendant Kings Village Corp.

"Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner . . . However, an abutting landowner may be held liable to a pedestrian injured by a defect in a public sidewalk where, inter alia, the landowner negligently constructed or repaired the sidewalk or otherwise created the defective condition, or caused the defect to occur by some special use of the sidewalk" (*Bruno v City of New York,* 36 AD3d 640, 640-641 [2007] [citations omitted]; *see Hausser v Giunta,* 88 NY2d 449, 452-453 [1996]).

The defendants Zelpher Peart and Edwin W. Peart (hereinafter the Pearts) established their prima facie entitlement to judgment as a matter of law by submitting evidence in admissible form demonstrating that they were not the owners of the property abutting that part of the public sidewalk on which the accident occurred, and that, in any event, they did not negligently construct or repair the sidewalk or otherwise create the defective condition, or cause the defect to occur by some special use of the sidewalk (*see Rodgers v City of New York,* 34 AD3d 555 [2006]). In opposition, the plaintiff and the defendant Kings Village Corp. (hereinafter Kings Village) failed to raise a triable issue of fact (*see Nilsen v City of New York,* 28 AD3d 625, 626 [2006]; *Meyer v Guinta,* 262 AD2d 463, 463-464 [1999]). Accordingly, the Supreme Court erred in denying the Pearts' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

The Supreme Court, however, properly denied Kings Village's cross motion. Having failed to carry its prima facie burden of proof, Kings Village was not entitled to judgment as a matter of law (*see Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993]; *Immerman v City of New York,* 22 AD3d 726 [2005]).

Moreover, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to file and serve an amended complaint asserting an additional cause of action to recover damages for wrongful death against the defendants City of New York and Kings Village, as the proposed amendment was not palpably without merit and would result in no surprise or prejudice to the defendants (*see* CPLR 3025 [b]; *Francis v Nassau Health Care Corp.*, 22 AD3d 715 [2005]). Miller, J.P., Goldstein, Fisher and Covello, JJ., concur.