■ KATHLEEN LONG, Respondent, v TOWN OF SOUTHOLD, Respondent, and FOUNDERS VILLAGE HOMEOWNERS ASSOCIATION, INC., Appellant. [946 NYS2d 594]—

In an action to recover damages for personal injuries, the defendant Founders Village Homeowners Association, Inc., appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 13, 2010, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell over a defect in the sidewalk abutting premises owned by the defendant Founders Village Homeowners Association, Inc. (hereinafter Founders), located in the Town of Southold. The plaintiff thereafter commenced this action against the Town of Southold and Founders. Founders moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that as the abutting owner, it could not be held liable for the plaintiff's injuries. The Supreme Court denied the motion.

"An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (*Romano v Leger*, 72 AD3d 1059, 1059 [2010]; *see Hausser v Giunta*, 88 NY2d 449 [1996]; *James v County of Nassau*, 85 AD3d 971 [2011]; *Ellman v Village of Rhinebeck*, 41 AD3d 635

[2007]). In opposition to Founders' prima facie showing that it did not create the alleged defect, did not make special use of the sidewalk, and did not breach a statutory duty to maintain the abutting sidewalk (see Nilsen v City of New York, 28 AD3d 625 [2006]; Rendon v Castle Realty, 28 AD3d 532 [2006]; Capobianco v Mari, 267 AD2d 191 [1999]; Rosales v City of New York, 221 AD2d 329 [1995]), the plaintiff raised a triable issue of fact.

Founders' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied Founders' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.